**STATE of Missouri, ex rel. Thomas BOLING, Respondent,**

v.

**Clifford P. MALONE, Appellant.**

**No. WD 52923.**

Missouri Court of Appeals, Western District.

Sept. 2, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 1997.

Clifford Pickety Malone, Farmington, pro se.

Donald Stouffer, Pros. Atty., Marshall, for respondent.

SPINDEN, Judge.

Clifford Malone appeals the circuit court's judgment for forfeiture of his property under the Criminal Activities Forfeiture Act (CAFA) pursuant to § 513.607[1] and § 195.140 of the Narcotic Drug Act. We affirm in part, and we reverse and remand in part.

On November 14, 1994, Marshall police received a tip from a person, who did not identify herself, that a man from the St. Louis area, who was on parole for murder, was selling crack cocaine at the house where he resided in exchange for money and electronic equipment. Police watched the house to verify the tip. Police determined that a license plate on a car parked outside the house had been issued to Malone who was from the St. Louis area and on parole for murder. Five times, between 10:30 P.M. on November 15, 1994, and 12:15 A.M. on November 16, 1994, police saw people drive to Malone's house and enter it. Each time, a light would go on in a bedroom for a brief time. After the light would go out, the persons would leave quickly. One of the people entering the house carried an item which appeared to the police to be a video cassette recorder, and the person left without it. Police followed the fifth car leaving the house. After police confronted the car's driver and a passenger, the two told police that they had purchased crack cocaine from Malone in exchange for money and food stamps.

Police searched Malone's house about two hours later pursuant to a warrant which authorized them to search the house for crack cocaine. When police found crack cocaine in the house, they arrested Malone and seized property from inside the house and from Malone's car parked outside. Among the property taken was cocaine, guns and ammunition, money, food stamps, "open" car titles, electronic equipment, jewelry, and tools.

The state charged Malone with one count of distributing a controlled substance near public housing,[2] one count of drug trafficking in the second degree, and one count of receiving stolen property. On November 22, 1994, the state sought forfeiture of the seized property under CAFA and the Narcotic Drug Act.

Before trial, Malone asked the circuit court to suppress the evidence seized from his car, and the state agreed to suppress the evidence. On June 8, 1995, a jury convicted Malone of one count of distributing a controlled substance near public housing and one count of drug trafficking in the second degree. The circuit court sentenced Malone to two concurrent life terms to be served concurrently with Malone's prior conviction for murder.

Later that day, the circuit court ordered confiscation and disposal of the firearms found in Malone's house and car pursuant to § 571.095.[3] On February 23, 1996, the circuit court convened an evidentiary hearing to consider forfeiture of the remaining property seized from Malone's house and car. The state's only evidence was a request that the court notice Malone's criminal case and convictions, including the trial transcripts and exhibits admitted at trial. Malone appeared *pro se* and presented no evidence. On June 3, 1996, the circuit court ordered that a stolen firearm recovered from Malone's house be returned to its rightful owner and that the

---

1. All statutory citations refer to the 1994 Revised Statutes of Missouri.

2. Malone's house was next to a public housing project.

3. Though the order did not specifically cite the statute, the wording of the order was identical to the statute's wording.

remaining property be forfeited. On June 6, 1996, the circuit court entered an amended judgment, correcting the date of the June 3, 1996, judgment, to accurately reflect the day, month and year that the judgment was entered.

Malone contends in his first three points on appeal that the circuit court erred by ordering the forfeiture of: (1) any of the property because the state did not establish that the seized property was derived from, or realized through, criminal activity as required by CAFA; (2) the electronic equipment and jewelry because its seizure exceeded the scope of the search warrant, and the police did not have probable cause to believe the items were the product of any criminal activity; and (3) the property seized from his car because its seizure exceeded the scope of the search warrant, and the state had stipulated to the suppression of that evidence before trial. In his fourth point, Malone contends that the circuit court did not have jurisdiction to enter the forfeiture order on June 3, 1996, because its order entered pursuant to § 571.095 a year earlier after his conviction deprived it of jurisdiction to consider the forfeiture case.

■ Malone did not preserve these alleged errors for our review. He asks us to review the issues for plain error under Rule 84.13(c). We restrict exercise of our discretion to review for plain error to those issues which facially establish substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc), *cert. denied*, —— U.S. ——, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995).[4] We consider his points in reverse to the order that he presented them.

■ His fourth complaint is meritless on its face and does not warrant plain error review. The circuit court ordered on June 8, 1995, the confiscation and disposal of all firearms and ammunition seized from Malone pursuant to power granted in § 571.095. Malone does not deny that the circuit court had the power to enter the order of June 8, 1995, but he makes a meritless argument that this order somehow affected the circuit court's jurisdiction to consider the forfeiture proceedings. We reject the point out of hand.

■ His third point of error—that the property seized from his car should not have been forfeited because it exceeded the scope of the search warrant—also is not an issue worthy of plain error review. Section 513.607.5(2) requires that officers seizing property before obtaining a writ of seizure [5] must seize the property "incident to a lawful arrest, search or inspection" and the officer must have "probable cause to believe the property is subject to forfeiture and will be lost or destroyed if not seized." Examining the issue on its face, we discern no basis for believing that the officers' search of Malone's automobile was unlawful.

■ Police testified to having a probable cause that contraband was in the car after finding crack cocaine in Malone's house and to facing an exigent need for searching the car immediately rather than obtaining a search warrant. The long-recognized "automobile exception" provides that police may "conduct a warrantless search of a vehicle and seize contraband found if (1) there is probable cause to believe that the vehicle contains contraband and (2) exigent circumstances necessitate the search." *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990). Exigent circumstances exist because of "the mere possibility that the vehicle can be moved." *Id.* Requiring especially small police departments such as the Marshall department to have the personnel and equipment needed to impound or guard a vehicle until a search warrant has been obtained places an impermissible burden on the police. *State v. Ritter*, 809 S.W.2d 175, 178 (Mo.App.1991)(citing *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970)). We do not see a proper basis for exercising our discretion to conduct plain error review of this issue.

---

**4.** Although Brown construed Rule 30.20, Rule 30.20 is sufficiently identical to Rule 84.13 in this regard that we apply Brown's construction here.

**5.** Section 513.607.5(1) outlines the procedure for obtaining a writ of seizure.

■ Malone also complains in his third point that, because the state stipulated to the suppression of the evidence seized from his car, the items seized from his car were not subject to forfeiture. Malone claims this is so even though he did not object to the state's introducing them at trial. In making his point, Malone directs our attention to *State v. Washington*, 902 S.W.2d 893, 894 (Mo.App.1995), in which the state's attempted confiscation of a car was deemed impermissible because the underlying criminal charge of unlawful use of a weapon was dropped when the weapon was suppressed. Because the underlying criminal charge in this case was not dropped, Malone's reliance on *Washington* is misplaced. Malone cites no other authority for his proposition that would permit plain error review on this point.

■ Malone complains in his second point that officers exceeded the scope of the search warrant by searching in his house for more than cocaine. We do not discern a sound basis for granting plain error review of this issue, either. Malone acknowledges that a search warrant granted officers access to his house where they found cocaine. Section 513.607.5(2) authorizes seizure of property, for later confiscation, which officers have probable cause to believe is subject to forfeiture so long as they seize it pursuant to a lawful search or incident to lawful arrest. Officers found the property pursuant to a lawful search or incident to lawful arrest. We shall not review the issue for plain error.

■ In his first two points of error, Malone charges that the circuit court committed plain error in finding probable cause for confiscation of his property. He complains that the state did not present sufficient evidence that he derived or used the forfeited property in criminal activity. The state responds by noting that it presented substantial evidence to support forfeiture of the cash, food stamps, firearms and electronic equipment; however, the state says nothing about the power tools and jewelry. This silence creates a substantial ground for our believing that a miscarriage of justice may have occurred; hence, we grant review as to these items.

■ Indeed, when we search the record, we find why the state was silent on the issue. We find no evidence linking the power tools and jewelry to criminal activity. Section 513.607 requires the state to present substantial evidence that the underlying criminal action produced the assets or that the assets were used in the underlying criminal activity. *State ex rel. MacLaughlin v. Treon*, 926 S.W.2d 13, 17 (Mo.App.1996). The state presented evidence that Malone traded crack cocaine for money and food stamps. It established that officers found in Malone's house a large amount of electronic equipment which supported police observations and the information supplied by the anonymous tipster. Although the state presented the testimony of a pawn shop manager who had done business involving electronic equipment and jewelry with Malone, the state did not establish that the jewelry or the power tools were involved with any criminal activity. We conclude that manifest injustice as to the confiscation of the jewelry and power tools has occurred. We, therefore, reverse the circuit court's order to the extent that it orders confiscation of the power tools and jewelry seized from Malone. We remand so the circuit court can either order the return of this property to Malone or order that he be compensated for its fair market value at the time of the confiscation.

BERREY, P.J., and SMART, J., concur.