STATE of Missouri, Respondent,

v.

**Richard DILLON and Joanna Galek, Appellant.**

**No. ED 76974.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 5, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 2001.

Murray Stone, St. Louis, for Appellant.

Richard A. Harper, Asst. Pros. Atty., Clayton, for Respondent.

GEORGE W. DRAPER III, Judge.

Joanna Galek (hereinafter, "Appellant") appeals the trial court's order forfeiting $18,000.00 pursuant to Section 195.140.2(2) RSMo (1994)[1]. A law enforcement officer found the currency in close proximity to a controlled substance in the house that Appellant shared with Richard Dillon (hereinafter, "Dillon"). Appellant contends that the trial court erred in forfeiting the $18,000.00 as it was not shown by the State that anyone was charged with, found guilty of or pleaded guilty to a felony offense substantially related to the forfeiture as required under Section 513.617.1,[2] and that there was insufficient evidence to support the trial court's finding that the currency seized was contraband or found in close proximity to contraband pursuant to Section 195.140.2.

The judgment of the trial court is affirmed.

On September 9, 1998, Officer Joseph Morici of the St. Louis City Police Department received a tip from a confidential informant that Dillon would be delivering powder cocaine to a prospective buyer. Upon receiving a description of Dillon, his vehicle, and the location of the sale, Officer Morici set up surveillance to apprehend him. Upon their arrival at the location, Officer Morici asked Dillon and another occupant to exit the vehicle where he conducted a pat down search. Officer Morici found two plastic baggies in Dillon's pants pockets containing a powdery white substance believed to be cocaine. Dillon was arrested and taken to the mobile reserve office.

Following Dillon's arrest, Officer Morici and a mobile reserve squad proceeded to Dillon's residence located in St. Louis County where they found Appellant, Dillon's housemate/girlfriend. Appellant consented to a search of the residence and signed a warning and waiver form. During the search, officers found two ounces of powder cocaine in a bedroom, along with several types of anabolic steroids, drug paraphernalia and a shotgun. The $18,000.00 in question was found under the bed in the master bedroom stuffed into the sleeve of a male Nautica jacket.

Upon questioning, Appellant denied knowing about the drugs or the shotgun and signed a statement disclaiming any knowledge. She told police officers that she was surprised that the money was in

---

1. All further statutory references are to RSMo 1994 unless otherwise noted.

2. The Appellant misstates the applicable standard as recited in the statute to wit: "No property shall be forfeited unless *the person charged* is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture." (Emphasis added). Appellant's misstatement seems to arise from the fact that here she is not "the person charged."

the residence because Dillon had asked her for money earlier that day. Subsequently, Appellant signed another form specifically disclaiming any ownership of the currency seized at her residence, indicating that no threats or promises were made to her to induce her to sign the form.

Dillon subsequently pleaded guilty to possession of cocaine in federal court.[3] The State then brought a forfeiture petition against the currency in state court. On June 1, 1999, the trial court entertained a motion to transfer the forfeiture action to federal court; Appellant interpleaded, claiming that the currency seized was in fact hers. During that proceeding, the State presented evidence about the arrest and search of Dillon's home and the trial judge took judicial notice of Dillon's federal plea agreement. However, the trial court denied the motion.

Approximately two months later on July 29, 1999, the same trial judge conducted the forfeiture hearing. The same parties to the earlier proceedings were present. The State offered the same evidence in the forfeiture hearing. Appellant offered evidence that the currency seized was hers, inasmuch as she had earned the money while working as an exotic dancer and had to keep the cash at home. Appellant claimed that Dillon was unaware that she had such a large amount of cash in the house and offered testimony that the police intimidated her during the search forcing her to sign the waiver and disclaimer forms. Dillon also signed an affidavit disclaiming any knowledge or ownership of the currency, which was also received into evidence.

The trial court found that the currency seized was possessed as a result of a violation of Chapter 195 RSMo, was contraband

and ordered that the currency be forfeited. Appellant challenges this judgment.

The State brings a timely motion to supplement the record on appeal with a copy of the plea agreement entered into by Dillon in connection with federal drug charges related to the seizure of cocaine at his home. The State also seeks to supplement the record with a transcript of the motion hearing to transfer the forfeiture action to federal court. The State argues that the trial judge in the instant case essentially took judicial notice of the previous proceedings during the forfeiture hearing and that these records should become part of the record on appeal. We agree.

The issue here is the degree of specificity that must be articulated by the trial judge to indicate that judicial notice of a previous proceeding has been taken. We are mindful of the general rule that a court will take judicial notice of its own records. *State v. Pennick,* 364 S.W.2d 556, 559 (Mo.1963). Further, a court will be presumed to have taken judicial notice of previous cases before it if justice required that court take such judicial notice and if there was no showing that court refused to do so. *Jones v. Des Moines and Mississippi River Levee Dist. No. 1,* 369 S.W.2d 865, 873 (Mo.App.St.L.Dist. 1963). Finally, a court on its own motion, may take judicial notice of its own records in prior proceedings which are between the same parties on the same basic facts involving the same general claims for relief. *Hardin v. Hardin,* 512 S.W.2d 851, 853 (Mo.App.K.C.Dist.1974); *Schrader v. State,* 561 S.W.2d 734, 735 (Mo.App. K.C.Dist.1978); and *State v. Beavers,* 591 S.W.2d 215, 218 (Mo.App. W.D.1979).

---

**3.** *See* United States v. Richard Dillon, Cause No. 4:98CR408 JCH (FRB). The plea agreement indicates that Dillon pleaded guilty to possession of 72 grams of cocaine, which were found both in his car and in his residence.

■ In the instant case, the trial judge made three references on the record to the previous motion hearing. At the outset of the forfeiture hearing, the trial judge stated, "This record should reflect that *there were two files*. One was to take it down to the Feds, and I denied that." When discussing Appellant's status as an interpleader, the trial judge said, "Just for the record I'll show Ms. Galek – *through both of these cases* that Ms. Galek is claiming the money and said it is not Mr. Dillon's." Finally, when Appellant's counsel objected to the State's offer of what Dillon had been charged with, the trial judge overruled the objection, stating, "You know, the bad thing is *in the other case you know what happened*, but at my age sometimes I forget things. I'll let you put it in. I'll overrule the objection. It's not very helpful, but you can put it in. *It's in the other file*." (Emphasis added).

The trial judge took judicial notice of the previous proceedings between these parties. Not only did the same judge hear the motion to transfer and the forfeiture action, the same parties were in attendance with the same counsel, and the hearings were within a two-month timespan. Moreover, the trial judge heard extensive evidence about the circumstances of Dillon's arrest and charges, and ultimately took formal judicial notice of Dillon's federal plea agreement, relating to the cocaine seized at his residence in the motion to transfer hearing. While the forfeiture action transcript is not as clear as we would like it to be[4], it is sufficient to demonstrate that the trial judge had and took judicial notice of the previous proceedings and, therefore, they were part of the record below.

Since the documents that the State seeks to supplement the record with are found to be part of the record below, they can be introduced into the record on appeal. *Rule 81.12(c); Cf. Marc's Restaurant, Inc. v. CBS, Inc.*, 730 S.W.2d 582, 584 (Mo.App.E.D.1987). The State's motion to supplement the legal file is granted.

■ The State initially contends that Appellant failed to properly preserve her points on appeal in that she failed to make a motion for directed verdict at the close of the State's evidence, and waived any challenge to the sufficiency of the evidence. However, the State has failed to distinguish jury tried cases from judge tried cases. Under Section 510.310.4 in a case tried without a jury, the question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court. In a trial without a jury, the judge is not only the trier of the facts, but also the determinant of whether the plaintiff has shown a right to relief. *Wyrozynski v. Nichols*, 752 S.W.2d 433, 435 (Mo.App. E.D.1988). Thus, Appellant was not required to move for directed verdict at the close of the State's evidence in order to challenge the sufficiency of the evidence. Point denied.

■ On appellate review, the trial court's judgment will be sustained unless no substantial evidence supports the trial court's decision, the court's judgment is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). As the jurisdiction of this forfeiture matter lies within the civil court system, this Court will view the evidence in the light most favorable to the

---

4. The better practice is for the State to still offer the previous record into evidence and/or formally request that the trial judge take judi-

cial notice of the previous proceeding. *See, Pennick*, 364 S.W.2d at 559.

verdict and give the prevailing party the benefit of all reasonable inferences. *State v. Meister,* 866 S.W.2d 485, 489 (Mo.App. W.D.1993). We defer to the trial court's superior ability to assess the credibility of witnesses. *Flowers v. Roberts,* 979 S.W.2d 465, 473 (Mo.App. E.D.1998).

Appellant contends that the trial court erred in forfeiting the $18,000.00 seized since the State failed to show that anyone was charged with, found guilty of or pleaded guilty to a felony offense substantially related to the forfeiture as required by Section 513.617.1.[5] Appellant also argues that the currency seized was not contraband in that it was not found in close proximity to a controlled substance, nor did the State adduce any evidence that the items seized in the home were in fact contraband.

In opposition, the State argues that the trial court did not err in forfeiting the $18,000.00 because Appellant failed to prove her ownership of the currency in accordance with Section 195.140.2(2) as she did not rebut the presumption that currency found in close proximity to controlled substances was forfeitable, nor did she meet the burden of proving that she was an innocent owner.

Both statutes are tied together by Section 195.140.2(3), which provides that forfeiture proceedings under Chapter 195 RSMo shall be conducted pursuant to the Criminal Activity Forfeiture Act ("CAFA"), Section 513.600 *et seq.* Under CAFA, "[a]ll property of every kind used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." Section 513.607.1. We will examine the State's claim first.

■ Currency is forfeitable if found in close proximity to forfeitable controlled substances, imitation controlled substances or drug paraphernalia. Section 195.140.2(2). The burden of proof is on Appellant to rebut this presumption. *Meister,* 866 S.W.2d at 488.

■ The $18,000.00 in question was found under the bed in the master bedroom. During that same search the officers also recovered two ounces of powder cocaine, along with several types of anabolic steroids, drug paraphernalia and a shotgun. When explicitly asked whether the items seized were hers, Appellant not only denied knowing anything about the drugs or the shotgun, she also signed a statement disclaiming any knowledge about the drugs or the shotgun, and another form specifically disclaiming any ownership of the currency seized at her residence.

Appellant's employer testified that she earned the currency at work. Appellant testified that she kept the cash at home in a sweatshirt because she was unable to open a bank account. She claimed that Dillon was unaware that she had such a large amount of cash in the house, and testified that the police intimidated her during the search and that this was the reason she signed the waiver and disclaimer forms. Appellant also offered into evidence an affidavit signed by Dillon disclaiming any knowledge or ownership of the currency. On cross-examination Appellant could not provide any tax information for the prior years or provide any paycheck stubs substantiating her claim.

■ We defer to the trial court's superior ability to assess the credibility of witnesses. *Flowers,* 979 S.W.2d at 473; *Meister,* 866 S.W.2d at 488. Existence of every fact essential for the trial court to have rendered a valid decree is presumed, and the party contesting such decree has

**5.** *See supra* note 2.

the burden to overcome the presumption that it is valid. *State ex rel. Callahan v. Collins*, 978 S.W.2d 471, 474 (Mo.App. W.D.1998). Here it is clear that the trial court found Appellant's testimony insufficient to rebut the statutory presumption in light of all of the evidence. Hence, we find that Appellant did not rebut the presumption by establishing that she was an innocent owner as required by the statute.

In construing these two statutes, we are persuaded by the analysis in *State v. Eicholz*, 999 S.W.2d 738 (Mo.App. W.D.1999) and choose to apply that analysis to the present case, which is factually similar. In *Eicholz*, the court held that Eicholz's failure to rebut the statutory presumption of forfeitability was insufficient, in and of itself to forfeit the currency found in close proximity to a controlled substance. Eicholz was arrested for drug possession, but died before trial. His estate brought a motion for summary judgment against the State in the CAFA forfeiture action arguing that a criminal conviction was necessary before any currency could be forfeited to the state. The State argued that a criminal conviction was not a condition precedent to a forfeiture, and that finding the currency in close proximity to a controlled substance, without sufficient rebuttal of the presumption of forfeitability was enough.

The court held that although the State was correct that neither Eicholz nor the estate sufficiently rebutted the presumption of forfeitability, the fact that the currency was forfeitable did not mean that it was forfeitable to the state. "CAFA requires that upon acquittal or dismissal of a criminal action, the civil action shall be dismissed." *Id.* at 742. The court continued stating, "while no case directly on point refutes the contention of the State that no conviction is necessary, the statutory provisions seem clear in requiring the

conviction, and the State has no pertinent authority to support its contention." *Id.* at 743. Consequently, the court held that even property which is presumed forfeitable under Section 195.140.2(3) requires a conviction of guilt before a judgment of forfeiture can be entered.

In this case, Appellant argues the State failed to adduce any evidence that either Appellant or Dillon was charged with, pleaded guilty to, or found guilty of a felony offense substantially related to the forfeiture. Appellant's point is without merit. The trial court did have evidence before it, from the motion to transfer hearing, of Dillon being charged. The trial court also took judicial notice of the plea agreement Dillon entered into with regard to the federal charges stemming from the contraband found in his house and his car. Further, the State offered evidence that Dillon was charged with possession of controlled substances and that he was charged in federal court during the forfeiture hearing. Dillon's plea agreement stipulates to the fact that cocaine was found on his person and at his residence, which was the basis of his federal possession charge.

While it is true that Appellant was never charged with a felony offense, she had explicitly disclaimed any ownership of the currency several times to police officers, signed a written disclaimer and expressed her surprise at the amount of currency hidden in the house. There is substantial evidence that Dillon was charged with and pleaded guilty to a felony offense substantially related to the forfeiture, and since Appellant has not met her rebuttal burden, the trial court's finding was supported by substantial evidence.

 Appellant also contends the State did not adduce evidence that the items seized from her residence were in fact contraband in that no chemist testified to that effect. The record reflects that the

State actually was prepared to offer testimony by the chemist, but the trial court stated it did not see any need to present that evidence and Appellant agreed. A party may not conduct himself throughout the trial so as to leave the adversary with the understanding that a fact is uncontroverted and then take the position it has not been proved. *Smith v. New Plaza Pontiac Co.,* 677 S.W.2d 941, 944 (Mo.App. W.D. 1984). Appellant is therefore estopped from arguing the lack of evidence presented when she essentially stipulated to what the chemist would have testified. Point denied.

■■■ Appellant's second point on appeal claims that the contraband was not found in close proximity to the currency seized and as such is not forfeitable. Appellant relies on *State ex rel. Callahan v. Collins* and *State v. Meister, supra* for what constitutes close proximity. In those cases, both defendants were arrested in their cars where subsequent searches uncovered contraband and currency. Appellant argues that the contraband seized on Dillon when he was arrested was not in close proximity to the currency found in his residence, which was some distance from where he was arrested.

Appellant's argument is misguided in that the close proximity referred to by State's petition is the close proximity of the contraband found in one bedroom of the house and the currency found in the master bedroom. "The words 'close proximity' are words of common usage, understandable by a person of normal intelligence. It has been said that 'in close proximity' simply means 'very close'". *State ex rel. Cook v. Saynes,* 713 S.W.2d 258, 260 (Mo. banc 1986). In that forfeiture case, the currency was not found in the same place in a mobile home as the contraband was found, but the court held that since the contraband and the currency were inside the same structure, i.e., the mobile home, that the currency was in close proximity and forfeitable. *Id.* at 259.

During the search of Appellant's home, officers found two ounces of powder cocaine in a bedroom, along with several types of anabolic steroids, drug paraphernalia and a shotgun. The $18,000.00 in question was found under the bed in the master bedroom, stuffed in a male Nautica jacket. This is substantial evidence to support the trial court's finding that the currency seized was in fact contraband and that it was forfeitable. Point denied.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and L. CRAHAN, J., concur.