**Donald R. WARE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 82803.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 26, 2004.

**530**

Terry J. Flanagan, St. Louis, MO, for appellant.

Jennifer A. Bartlett, Union, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Donald Ware ("Ware") appeals the judgment of the Circuit Court of Franklin County forfeiting U.S. currency in the amount of $5085.33 and real property located at 3998 Spring Creek Road, Leslie, Missouri. Ware claims that the trial court was without subject matter jurisdiction to proceed on the State's forfeiture petition, and that the trial court erred in entering the judgment because it was not supported by the evidence. Finding no error, we affirm.

On March 25, 2001, a search warrant was executed by deputies of the Franklin County Sheriff's Department at 3998 Spring Creek Road, located in Leslie, Missouri. In addition to several other people, Ware was present at the residence. Travis Blankenship, one of the deputies involved in executing the search warrant, testified that there were several areas that contained a controlled substance at the home, which he suspected to be methamphetamine. The substance was later determined to be methamphetamine by the Missouri State Highway Patrol Lab. Ware was arrested and charged with possession of a controlled substance with intent to distribute. Upon his arrest, $5085.33 was found in Ware's pockets and seized. The State filed a petition for forfeiture pursuant to the Criminal Activity Forfeiture Act ("CAFA"), 513.600 RSMo (2000).[1] In its petition, the State sought forfeiture of $5085.33 and the real property located at 3998 Spring Creek Road in Leslie, Missouri ("the property"). The State alleged that the property was used or intended for use in the course of or derived or realized through criminal activity. A request for a

---

1. All further statutory references are to RSMo (2000), unless otherwise indicated.

stay of proceedings pursuant to section 513.617 was subsequently filed asking that the forfeiture proceedings be stayed until final disposition of the criminal proceedings against Ware. This request was granted. On September 27, 2001, an indictment was filed in the United States District Court, Eastern District, which charged Ware with possession with intent to distribute a controlled substance, specifically, methamphetamine. A judgment was subsequently entered in the United States District Court reflecting a guilty plea by Ware to the charge of possession with the intent to distribute methamphetamine. The judgment listed the date of the offense as March 25, 2001. Prior to the entry of Ware's guilty plea in federal court, the state applied for transfer of the forfeiture action to federal court, and the application was denied. Thereafter, a hearing on the State's petition for forfeiture was held, and a judgment was entered March 14, 2003, ordering the currency and real property forfeited. The court found that the property was "used in or intended for use in the course of, derived from or realized through criminal activity . . . ," and should be forfeited. Ware appeals.

In his first point on appeal, Ware contends that the trial court was without subject matter jurisdiction to proceed on the State's petition for forfeiture of the property. Specifically, he argues that the criminal charges against him were dismissed, and therefore, the petition for forfeiture should have been dismissed.

 Subject matter jurisdiction is the power to hear a general class of cases, and it can be obtained by operation of law. *Missouri Soybean Association v. The Missouri Clean Water Commission*, 102 S.W.3d 10, 22 (Mo.2003). Where a court is

exercising a particular statutory power, it is confined to the authority granted by the statute. *Id.* "When a court lacks subject-matter jurisdiction, it has no right, power or authority to act in the matter, and thus any action the court takes is null and void." *Gunnett v. Girardier Bldg. and Realty Co.*, 70 S.W.3d 632, 642 (Mo.App. 2002).

 Section 513.607.1 RSMo (Supp. 2001) provides that, "[a]ll property of every kind . . . used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." Pursuant to section 513.645.6, "[u]pon . . . dismissal of a criminal action against a person also named in a CAFA action, the civil action shall be dismissed." Ware argues that because the charges against him in Franklin County were dismissed by the State, the trial court did not have subject matter jurisdiction as a result of this provision. We disagree.

Initially we note that an appellant has the duty to file a record on appeal which contains all evidence necessary for our determination of the issues raised. *State v. Scott*, 933 S.W.2d 884, 886 (Mo.App.1996). "If a matter complained of is not present in the record, there is nothing for this court to review." *Id.*, (*quoting Matter of Estate of Voegele*, 838 S.W.2d 444, 446 (Mo.App.1992)). Ware has not provided us with a copy of the dismissal of the charges against him in Franklin County. The only evidence presented was a statement in the transcript made by counsel for the State that the State's charges against Ware had been dismissed.[2] While it does not appear as though the fact that the State charges against Ware were dismissed is in dispute, there is no evidence in the record concern-

2. Officer Blankenship was also questioned about whether the charges filed against Ware by the State had been dismissed. Blanken-

ship testified that he believed the charge was nolle prosequied.

ing the date of the dismissal, or the circumstances surrounding it.

However, we have been provided with a copy of the federal indictment on the charge of possession with the intent to distribute methamphetamine, and the judgment reflecting Ware's plea of guilty to such charge. Ware pleaded guilty to the federal charge on January 29, 2002, and the hearing on the State's petition for forfeiture took place on January 22, 2003. Although it appears as though the State's charges against Ware arising from March 25, 2001, were dismissed, there was a guilty plea entered to the same charge in federal court. The charge to which Ware pleaded guilty in federal court was based upon an offense which occurred "on or about March 25, 2001," according to the indictment. Additionally, the judgment containing Ware's plea of guilty to the charge of possession with intent to distribute methamphetamine noted that the date the offense occurred was March 25, 2001.

This court was faced with a similar question in *State v. Dillon*, 41 S.W.3d 479 (Mo.App.2000). In *Dillon*, defendant's housemate/girlfriend appealed the forfeiture of currency found in their residence, along with cocaine, steroids, drug paraphernalia and a shotgun. She claimed that the State failed to present evidence that either she or Dillon had been charged with, pleaded guilty to, or had been found guilty of a felony offense substantially related to the forfeiture. The court, in denying appellant's point, stated that evidence was offered that Dillon was charged and pleaded guilty in federal court to possession of controlled substances. *Id.* at 485. The court considered this to be substantial evidence that Dillon had pleaded guilty to a felony offense substantially related to the forfeiture. *Id.*

In the present case, Ware also pleaded guilty in federal court to a felony offense substantially related to the forfeiture in question. The federal indictment charged Ware based upon an offense which occurred "on or about March 25, 2001." As discussed above, the judgment containing Ware's plea of guilty to the charge of possession with intent to distribute methamphetamine noted that the date the offense concluded was March 25, 2001, the same date the search of Ware's residence was conducted and the suspected methamphetamine seized. Thus, as in *Dillon*, Ware's guilty plea in federal court could serve as the basis for the CAFA action pursued by the State.

Moreover, in section 513.605 RSMo (Supp.2001), the Missouri Legislature defines "criminal activity" as, "the commission, attempted commission, conspiracy to commit, or the solicitation, coercion or intimidation of another person to commit any crime which is chargeable by indictment or information under ... Missouri laws...." In *State v. Residence Located at 5708 Paseo, Kansas City, Mo.*, the court of appeals determined that this language means that the underlying criminal action, upon which a petition for forfeiture is based, must be chargeable under the laws of the State of Missouri. 896 S.W.2d 532, 537 (Mo.App.1995). The federal crime of possession with intent to distribute methamphetamine is one which is also "chargeable by indictment or information under ... Missouri laws...." The court in *State v. Residence Located at 5708 Paseo, Kansas City, Mo.* stated that section 513.645.6 requires that if criminal proceedings are initiated by the State, and those criminal proceedings result in a dismissal or acquittal, the CAFA action must also be dismissed. In the present case, the criminal proceedings initiated by the State, while dismissed at the State level, concluded in a guilty plea in federal court. Therefore, it

was appropriate to proceed with the CAFA action.

Additionally, in section 513.617.1, it is only necessary that "the person charged is found guilty of or pleads guilty to a felony offense substantially related to the forfeiture." The absence of any requirement that the person be found guilty or plead guilty to a felony offense in violation of State law indicates the inclusion of federal offenses. Here, Ware pleaded guilty to federal charges arising from the March 25, 2001, search. This search also served as the basis for the forfeiture action; therefore, Ware pleaded guilty to an offense substantially related to the forfeiture.

Moreover, section 513.645.6 provides only for dismissal of the civil forfeiture proceeding in the event of "acquittal or dismissal of a criminal action against a person also named in a CAFA action...." There is no mention of a criminal action which must be pursued by the State. Finally, we note that pursuant to section 513.617.3, "[n]othing in this section shall prohibit or prevent the parties from contemporaneously resolving criminal charges and a CAFA proceeding arising from the same activity." If we were to determine that the forfeiture proceeding must be dismissed simply because the charges initially brought by the State arising from Ware's criminal activity concluded in federal court, it would limit the State's ability to resolve the criminal charges against Ware and the CAFA proceeding at the same time. Such a decision would result in a restriction upon the State's prerogative to dismiss its charges and allow criminal charges to be pursued in federal court for the same criminal activity which was the subject of the State charge when a CAFA proceeding is pending.

Reading the definition of "criminal activity" as set forth in section 513.605 RSMo (Supp.2001) in conjunction with the additional provisions of the CAFA, we believe the legislature did not intend to limit forfeitures to only those based on guilty pleas or convictions of only State offenses.

Because Ware pleaded guilty to possession with intent to distribute methamphetamine in federal court, the trial court possessed subject matter jurisdiction as granted by the CAFA to hear the forfeiture petition.

■ In his second point, Ware claims that the trial court's judgment was not supported by substantial evidence and was against the weight of the evidence. He asserts that there was no evidence to support the conclusion of the trial court that the property was derived from, used in or realized through the criminal activity for which Ware pleaded guilty. Ware also claims that there was no substantial link between the property and the act for which the guilty plea was entered.

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or the trial court erroneously applies the law. *State v. Dillon,* 41 S.W.3d 479, 483 (Mo.App.2000).

As noted above, section 513.607.1 RSMo (Supp.2001) provides that, "[a]ll property of every kind ... used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." Section 195.140 creates a presumption that any currency found in close proximity to forfeitable controlled substances is itself forfeitable. In the present case, $5085.33 was found in Ware's pockets and seized at the time of his arrest. During the execution of the search warrant substances which were suspected to be methamphetamine were found in the residence. Ware was in the living room of the residence when the search was conducted, and methamphetamine was found in "sev-

eral areas" of the residence, including the master bedroom, and in a ball cap hanging on a wall. The currency was, therefore, in close proximity to the controlled substance, and was presumed to be forfeitable. *See State ex rel. Cook v. Saynes*, 713 S.W.2d 258 (Mo. banc 1986) (court discussed constitutionality of phrase "close proximity" and affirmed the judgment of the trial court finding that money found in a separate place in a trailer from marijuana was in close proximity to the marijuana, and therefore, forfeitable). The burden was on Ware to rebut this presumption, and he did not do so. *Dillon*, 41 S.W.3d at 484. As a result, the $5085.33 was properly ordered to be forfeited by the trial court.

■ With respect to the real property located at 3998 Spring Creek Road, there was substantial evidence that the property was used or intended for use in the course of criminal activity. Officer Blankenship testified that there were several areas of the residence which contained controlled substances. A shed on the property also contained chemicals and components as well as suspected methamphetamine. Blankenship testified that based upon his training and experience as an officer, the amount of methamphetamine found in the residence was not what he would consider an amount for personal use. Additionally, Ware was arrested for and ultimately pleaded guilty to a charge of possession of methamphetamine with the intent to distribute. The property located at 3998 Spring Creek Road was used at the very least to store the methamphetamine which was intended for distribution for some period of time. The evidence and the reasonable inferences therefrom indicate that the property was used or intended for use in the course of the illegal distribution of methamphetamine. Thus, the trial court's judgment finding that the property located

at 3998 Spring Creek Road was to be forfeited was supported by the evidence.

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL, JR. and LAWRENCE E. MOONEY, JJ., concur.