

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE EX REL. | ) | No. ED101045 |
| FORREST K. WEGGE, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Jefferson County |
| | ) | Circuit Court |
| vs. | ) | |
| | ) | Honorable Nathan B. Stewart |
| KEITH E. SCHRAMEYER, | ) | |
| | ) | Filed: August 26, 2014 |
| Defendant/Appellant. | ) | |

### Introduction

Keith Schrameyer (Defendant) appeals the summary judgment order of the Circuit Court of Jefferson County forfeiting $2,439. Defendant claims that the circuit court erred by granting summary judgment because: (1) Defendant presented sufficient admissible evidence contravening the evidence offered by the State (Plaintiff); and (2) Defendant "proved" that the money seized was legitimately derived and not subject to seizure. Resolution of these claims requires this Court to consider an issue of first impression, mainly: What factual allegations are necessary to demonstrate a material question of fact sufficient to rebut the "presumption of forfeitability" applicable in certain forfeiture

proceedings under the Criminal Activity Forfeiture Act (CAFA), § 513.600 RSMo (2000), *et seq.*?[1] We hold that, in order to rebut the presumption of forfeitability, a defendant must allege facts supporting the conclusion that the seized property found in close proximity to a controlled substance was not furnished, nor intended to be furnished, in exchange for the controlled substance *and* also was not used, nor intended to be used, to facilitate the criminal activity. Because Defendant failed to adduce any competent material evidence that the $2,439 was not used, nor intended to be used, in the furtherance of the criminal activity, Defendant failed to demonstrate a genuine issue of material fact and, therefore, the circuit court's grant of summary judgment was proper. We affirm.

## Factual Background

On June 20, 2012, Jefferson County police responded to a narcotics complaint at a residence in DeSoto, Missouri. The homeowners gave the police permission to enter the residence, and upon entering, the officers located Defendant behind the door of the master bedroom. Multiple bags of marijuana, methamphetamine, and pseudoephedrine were seized from the master bedroom and the dining room table, as well as a box of plastic bags and a digital scale. Officers also seized $2,439 from Defendant's wallet, which was on his person. Defendant admitted that he owned the items that the officers seized, including the money. Defendant was arrested and subsequently pleaded guilty to one count of possession of a controlled substance.

---

[1] All statutory references are to the Revised Missouri Statutes 2000.

Thereafter, Plaintiff, through Jefferson County Prosecutor Forest Wegge, proceeded with a petition under the CAFA seeking forfeiture of the $2,439 seized from Defendant's wallet. The petition alleged that the currency was "used or intended for use in the course of, derived from or realized through criminal activity [and that] pursuant to Section 195.140.2(2) RSMo, currency or moneys are presumed forfeitable when found in close proximity to controlled substances." Subsequently, Plaintiff moved for summary judgment, re-asserting the same claims and alleging that no genuine issue of material fact remained.

Defendant responded to the motion by alleging that a genuine issue of material fact existed and precluded summary judgment, in that, the money was given to him by his mother, Ellen Schrameyer. In support, Defendant included an affidavit in which he averred that his mother gave him the money as a "gift" to help pay for child support and living expenses and was "not used or intended for use in the course of, derived from, or realized through criminal activity." Defendant also attached copies of two checks from Ellen's account, which were written to "cash" for $3,000 and signed by Ellen. The first check is dated June 16, 2012 and was processed on June 18, 2012, and the latter is dated June 19, 2012 and was processed the same day. Defendant, thus, claimed that he had sufficiently rebutted the presumption of forfeitability.

Without addressing Defendant's arguments, the circuit court entered a judgment in favor of Plaintiff, reasoning that "there remains no genuine issue of material fact to be resolved by this action." This appeal followed.

3

## Standard of Review

We review de novo the circuit court's summary judgment decision. *State v. Eicholz*, 999 S.W.2d 738, 740 (Mo. App. W.D. 1999). We view all the submissible evidence in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. *Id*. Summary judgment is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo. banc 1989). A genuine issue of material fact precluding summary judgment exists if the record contains competent material evidence that supports two plausible, but contradictory conclusions. *Rustco Prods. Co. v. Food Corn*, 925 S.W.2d 917, 923 (Mo. App. W.D. 1996).

## Discussion

Defendant's two points relied on raise substantially similar arguments and, therefore, we consider them together. Defendant claims that the circuit court's summary judgment order was erroneous because a genuine issue of material fact existed sufficient to contravene Plaintiff's allegation that the money was presumptively forfeitable under § 195.140.2(2). In particular, Defendant relies on his affidavit in which he attests that his mother gave him the money as a gift to help pay child support and living expenses. Alternatively, Defendant claims that the judgment was erroneous because he "proved" that the money was legitimately derived and possessed, meaning that summary judgment should have been entered in his favor. In response, Plaintiff asserts that Defendant failed to provide competent evidence to substantiate Defendant's claim that the seized currency

4

was not related to criminal activity in order to rebut the statutory presumption of forfeitability.

*Applicable Forfeiture Statutes*

Missouri disfavors forfeitures and such actions are only undertaken if they advance the letter and spirit of the law. *State ex rel. Maclaughlin v. Treon*, 926 S.W.2d 13, 16 (Mo. App. W.D. 1996). Under Missouri's Comprehensive Drug Control Act (DCA), 195.005 *et seq.*, the legislature has required that "everything of value" furnished to facilitate the commission of a drug felony, as in the instant case, shall be forfeited. Specifically, § 195.140.2(1) provides in pertinent part:

> Everything of value furnished, or intended to be furnished, in exchange for a controlled substance, imitation controlled substance or drug paraphernalia in violation of sections 195.010 to 195.320, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used, or intended to be used, to facilitate any violation of sections 195.010 to 195.320 shall be forfeited . . . .

Such "money found in close proximity to forfeitable controlled substances furnishes a logical basis for the inference of forfeitability . . . ." *State ex rel. Cook v. Saynes*, 713 S.W.2d 258, 262 (Mo. banc 1986). The subsequent subsection of the DCA, § 195.140.2(2), recognizes this inference and creates a presumption that such proceeds found in "close proximity" to a controlled substance are presumed forfeitable. Section 195.140.2(2) states:

> Any moneys, coin, or currency found in close proximity to forfeitable controlled substances, imitation controlled substances, or drug paraphernalia, or forfeitable records of the importation, manufacture, or distribution of controlled substances, imitation controlled substances or drug paraphernalia are presumed to be forfeitable under this subsection.

5

*The burden of proof shall be upon claimants of the property to rebut this presumption.* [Emphasis added.]

The DCA further requires that such forfeiture proceedings, which are civil in nature and ancillary to the underlying criminal proceeding, be administered pursuant to special procedures set forth in the CAFA. § 195.140.2(3); *see also* § 513.607.

To initiate a forfeiture proceeding under the CAFA, the State files a "petition which sets forth: (1) the property sought to be forfeited; (2) that the property sought to be forfeited is within the jurisdiction of the court; (3) the grounds for forfeiture; (4) the names of all known persons having or claiming an interest in the property; and (5) the date and place the property was seized." *Eicholz*, 999 S.W.2d at 741; § 513.607.6(1) & (2). The State has the burden of proving each of these elements. § 513.607.6(2).

Pertinent to this appeal is the State's burden to establish grounds for civil forfeiture, which ordinarily requires the state to present substantial evidence that "[a]ll property of every kind, including cash or other negotiable instruments, [was] used or intended for use in the course of, derived from, or realized *through criminal activity . . .* ." § 513.607.1 (emphasis added); *see State ex rel. Boling v. Malone*, 952 S.W.2d 308, 312 (Mo. App. W.D. 1997). The CAFA defines "criminal activity," in relevant part, as "the commission . . . [of] any crime which is chargeable by indictment or information under . . . [the DCA, *i.e.*,] Chapter 195, relating to drug regulations." § 513.605(3)(a). Hence, as this Court has recognized, the CAFA incorporates the DCA by reference, making the presumption of forfeitability applicable to CAFA proceedings. *See State ex rel. Callahan v. Collins*, 978 S.W.2d 471, 475 (Mo. App. W.D. 1998). It follows that, in

6

a civil forfeiture proceeding involving a drug-related felony, the State is entitled to rely on the "presumption that money found in close proximity to a controlled substance was acquired as enunciated in section 195.140.2(1)" in establishing grounds for forfeiture. *See State v. Meister*, 866 S.W.2d 485, 490 (Mo. App. E.D. 1993); § 195.140.2(2). "The burden of proof is on [the defendant] to rebut this presumption." *State v. Dillon*, 41 S.W.3d 479, 484 (Mo. App. E.D. 2000) (citing *Meister*, 866 S.W.2d at 488); § 195.140.2(2).

*Analysis*

Here, Plaintiff's petition for civil forfeiture under the CAFA included all the necessary elements to establish entitlement to the forfeiture, including the allegation that the money was found in close proximity to controlled substances and was presumed forfeitable under § 195.140.2(2). Once Plaintiff moved for summary judgment, Defendant could not rest on mere denials, but was required to set forth specific facts, by affidavit or otherwise, showing a genuine issue of fact for trial. *Dardenne Realty Co.*, 771 S.W.2d at 830. To meet this burden, Defendant submitted an affidavit, in which Defendant attested as follows:

1. I am the defendant in Jefferson County Circuit Court Cause No. 12JE-CC00636.

2. On June 20, 2012, the Jefferson County Sheriff's Department seized $2,439.00 in U.S. currency from my wallet that was on my person.

3. The $2,439.00 in U.S. currency seized from me on June 20, 2012, was not used or intended for use in the course of, derived from, or realized through criminal activity.

7

4. The $2,439.00 in U.S. currency seized from me on June 20, 2012, was *money that was given to me as a gift by my mother*, Ellen Schrameyer, in two checks amounting of [sic] $3,000.00 each, drawn on the Southern Commercial Bank and dated June 16, 2012, and June 19, 2012.

5. Attached hereto as exhibits #1 and #2 are true and correct copies of the checks and cashing endorsements.

6. *The money from these two checks was given to me by my mother to help me pay child support and my living expenses.* It was not used or intended for use in the course of, derived from, or realized through criminal activity. [Emphasis added.]

Defendant also included in support the two checks written "to cash" by his mother, totaling $6,000, which were processed on June 18th and 19th.

An "opposing affidavit[] must be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." *Dardenne Realty Co.*, 771 S.W.2d at 830; Rule 74.04(e). "An affiant who fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact." *Kellog v. Kellog*, 989 S.W.2d 681, 687 (Mo. App. E.D. 1999) (citation and quotations omitted). Further, "[c]onclusory allegations are not sufficient to raise a question of fact in summary judgment proceedings." *Id.*

With these standards in mind, we note that neither Defendant nor Plaintiff cites a single forfeiture case decided at the summary judgment stage. Plaintiff cites to *Ware v. State*, 128 S.W.3d 529 (Mo. App. E.D. 2003), *Dillon*, 41 S.W.3d at 479, and *Collins*, 978 S.W.2d at 471, but these cases affirmed the forfeiture of currency found in close proximity to a controlled substance *after* a trial on the issue. The question in *Ware*,

*Dillon*, and *Collins* was whether substantial evidence supported the trial court's judgment and, consequently, these cases do not illuminate what factual allegations are necessary to avoid summary judgment when the state relies on the presumption of forfeitability. Further, we are unaware of any such case that specifically addresses the issue that is now before this Court.[2] In our view, the best guidance, in the absence of any controlling case law, is the pertinent language of the DCA. Our primary goal is to give effect to the legislature's intent and, to do so, we must give statutory language its plain and ordinary meaning. *Anani v. Griep*, 406 S.W.3d, 482 (Mo. App. E.D. 2013). If statutory language is unambiguous, then the words must be applied as written without any judicial construction. *See id.*

Recall that the presumption of forfeitability enunciated in § 195.140.2(2) is based on the logical inference that currency seized in close proximity to controlled substances as described in § 195.140.2(1) is related to the commission of the drug felony. Reading § 195.140.2(1) and (2) together, it is clear that a defendant may oppose a summary judgment motion that relies on the presumption of forfeitability by demonstrating through competent material evidence a genuine issue of material fact that the currency seized in close proximity to the controlled substance was *not* procured as described in § 195.140.2(1). This showing requires a defendant to allege facts supporting the conclusion that the currency found in close proximity to the controlled substance was not

---

[2] In *Meister*, 866 S.W.2d at 490, this Court considered the presumption of forfeitability in the context of an Eighth Amendment challenge and noted in *dicta* that "[t]he burden to prove that the currency and coin found in close proximity to a controlled substance were not received in exchange for, nor were intended to be used to obtain, controlled substance is shifted to the person claiming the money." However, *Meister* was not decided in the context of the CAFA, as it predated the requirement that all forfeiture proceedings be conducted pursuant to the CAFA, and did not consider the exact question before this Court.

"furnished," nor "intended to be furnished," in exchange for the controlled substance *and* also was not "used," nor "intended to be used," to facilitate the criminal activity as set forth in § 195.140.2(1). If a defendant fails to make either showing, then the inference that money found in close proximity to controlled substances is related to the criminal activity is not contradicted and no genuine issue of material fact exists for trial.

Here, Defendant's allegation that his mother gave him the money is sufficiently specific to establish a material question of fact regarding whether the currency was furnished or intended to be furnished in exchange for controlled substances. More importantly, this factual allegation is insufficient to establish that the money was not *used* in furtherance of, or intended for use in furtherance of, Defendant's criminal activity. This is because Defendant's attestations merely reflect how Defendant allegedly received the money and Defendant's understanding of his mother's intent regarding her provision of the currency. Defendant's affidavit makes no specific factual allegations that he in fact used the money for child support or living expenses, or an explanation of how he intended to use the money in the future. Nor did Defendant make any effort to demonstrate what he spent the remaining $3,561 on in the one to two days the currency was in his possession. Indeed, the only allegation that Defendant offers that the money was not to be used in furtherance of criminal activity is the conclusory statement that the currency was not used for criminal activity. Such a conclusory allegation is insufficient to create a genuine issue of material fact for trial. *Kellog*, 989 S.W.2d at 687.

Because Defendant did not adduce specific facts supporting a conclusion that the money was not used, nor intended to be used, in the furtherance of the criminal activity,

10

he failed to provide the evidence necessary to rebut the presumption of forfeitability and also to create a genuine issue of material fact for trial. For this same reason, Defendant has not "proved," as he claims in his second point relied on, that the currency seized was legitimately derived and possessed such that summary judgment should have been granted in his favor.[3] The circuit court did not err by granting summary judgment for Plaintiff.

## Conclusion

The judgment of the circuit court is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.

---

[3] In support of this argument, Defendant asserts that Plaintiff presented no evidence that the money seized was used or derived through criminal activity and that Defendant met his burden of rebutting the presumption. Contrary to Defendant's assertion, Plaintiff presented substantial evidence that the drugs and drug related paraphernalia were seized from Defendant at the same time that the currency was seized. Under these facts, Plaintiff was entitled to rely on the presumption of forfeitability.