JEFFREY W. BATES, J.
Robert Geist (Geist) appeals from a judgment ordering the civil forfeiture of 39 firearms pursuant to the Criminal Activity Forfeiture Act (CAFA). See §§ 513.600-.645.[1] Geist presents two points for decision.
*120 Point 1 contends the evidence was insufficient to prove that the property was subject to forfeiture. Point 2 contends the trial court erred by ordering that proceeds from the forfeited property be distributed according to § 571.095, rather than § 513.623 of CAFA.[2] We affirm the judgment because: (1) the State presented sufficient evidence that the firearms were used in the course of, derived from, or realized through criminal activity; and (2) Geist lacks standing to challenge the disposition of the forfeited property.
Background
In February 2016, investigators from the Crawford County Sheriff's Department and the Lake Area Narcotics Enforcement Group executed a search warrant at Geist's residence in Steelville, Missouri. Geist allowed the investigators to enter the residence. The search of the residence produced evidence of drug trafficking. Among the items found in the home were two small bags of crystalline substance that was later determined to be methamphetamine, a bag containing marijuana, scales with methamphetamine residue, small bags for packing illegal substances for distribution, various items of drug paraphernalia, and 39 firearms. Geist was arrested, and the firearms and controlled substances were seized and held as evidence. Following Geist's arrest, the State filed a petition for forfeiture of the 39 seized firearms pursuant to CAFA. The State alleged that the property "was used, intended for use and derived from and/or realized through criminal activity, to wit, the possession of controlled substances and firearms[.]"
Geist was charged as a prior and persistent offender with one count of the class B felony of possession of a controlled substance with intent to distribute, and three counts of the class C felony of unlawful possession of a firearm. See §§ 195.211, 558.016, 571.070. A jury trial began in December 2016. After the State presented two witnesses, Geist withdrew his pleas of not guilty and entered guilty pleas as to all counts. The court accepted the guilty pleas. Geist was sentenced to a term of 15 years for the drug charge and ten years for each of the three charges of unlawful possession of a firearm as a felon, with all terms to run concurrently.
The forfeiture action was subsequently prosecuted to conclusion via a bench trial.[3] The trial court found that "the firearms were used, intended for use and derived from and/or realized through criminal activity, the distribution of controlled substances, by Robert Eugene Geist." It further found that Geist "is a convicted felon and was in possession of the aforesaid firearms." The trial court ordered the forfeiture of the 39 firearms from Geist's residence and additionally directed "that *121 said firearms shall be disposed of by law as set out in Section 571.095 RSMo." This appeal followed.[4] Additional facts will be set forth below as we address the arguments on appeal.
Point 1
Geist's first point contends that the "trial court erred in entering a judgment of forfeiture regarding the thirty-nine seized firearms because there was no substantial evidence presented at the forfeiture hearing to prove ... that the firearms were all used or intended for use in the course of, derived from, or realized through criminal activity" as required under CAFA. Because the trial court did not make a factual finding in its judgment detailing the connection between the firearms and the criminal activity, Geist posits, and in turn attempts to refute, three theories concerning how the trial court could have found that the firearms were used in or derived from criminal activity.[5] Geist argues that there was not sufficient evidence to prove that he: (1) derived all the firearms through criminal activity by trading illegal drugs for them; (2) used the firearms in the course of the criminal activity of distributing drugs; or (3) used the firearms in criminal activity because he possessed them illegally as a felon. We disagree.
"A judgment in a forfeiture case will be sustained on appeal, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." State ex rel. Callahan v. Collins , 978 S.W.2d 471, 473 (Mo. App. W.D. 1998) ; see also Rule 84.13(d); Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing civil matters such as forfeitures, this Court views the evidence in the light most favorable to the judgment, providing all reasonable inferences to the prevailing party. State v. Residence Located at 5708 Paseo, Kansas City, Mo. , 896 S.W.2d 532, 534 (Mo. App. W.D. 1995) ; see also Ivie v. Smith , 439 S.W.3d 189, 200 (Mo. banc 2014). The credibility of the witnesses and the weight to be given to their testimony is to be determined by the trial court, which is free to believe none, part or all of the testimony of any witness. Ivie , 439 S.W.3d at 200.
Section 513.607 states that "[a]ll property of every kind, including cash or other negotiable instruments, used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." Id . CAFA defines "criminal activity" as "the commission ... [of] any crime which is chargeable by indictment or information" under several chapters of the Revised Statutes of Missouri, including Chapter 195, relating to drug regulations, and Chapter 571, relating to weapons offenses. § 513.605(3)(a), (n). In a CAFA proceeding, the State must file a petition which sets forth: "(1) the property sought to be forfeited; (2) that the property sought to be forfeited is within the jurisdiction of the court; (3) the grounds for forfeiture; (4) the names of all known persons having or claiming an interest in the property; and (5) the date and place the property was seized." State v. Eicholz , 999 S.W.2d 738, 741 (Mo. App. W.D. 1999) ; see § 513.607.6. The burden of proving each of these elements is upon the *122 investigative agency. § 513.607.6(2). Missouri disfavors forfeitures, and such actions are only undertaken if they advance the letter and spirit of the law. State ex rel. Wegge v. Schrameyer , 448 S.W.3d 301, 303 (Mo. App. E.D. 2014) ; State ex rel. MacLaughlin v. Treon , 926 S.W.2d 13, 16 (Mo. App. W.D. 1996).
In this case, there was substantial evidence adduced during the forfeiture hearing and partial criminal jury trial that the firearms were used in the course of, derived from, or realized through criminal activity. According to the testimony of two investigators who questioned Geist about the drugs and firearms, he readily admitted that "he had traded dope for guns." He also admitted that he had sold methamphetamine within the preceding six months. Geist stated that he owned all of the firearms, knew he should not have them in his possession, and believed some of the firearms were stolen. Two of the firearms had been defaced through removal of their serial numbers. Geist's wife confirmed that the firearms belonged to her husband.
Geist argues that such evidence is not sufficient to demonstrate that all of the firearms were acquired through illegal activity. Such an argument is not in accord with our standard of review because it ignores obvious inferences the trial court could reasonably have drawn from the evidence. Geist admitted that he traded drugs for firearms and that some of the weapons were stolen. The trial court was free to believe these admissions by Geist. Ivie , 439 S.W.3d at 199-200. Two of the weapons had their serial numbers removed, which made determination of ownership more difficult. The above-described evidence was sufficient to support a reasonable inference by the trial court that all of the seized firearms were acquired through criminal activity.[6]
Alternatively, the trial court could have reasonably inferred that the firearms were used in the course of criminal activity. Two investigators testified that the cache of illegal drugs and drug paraphernalia was found in a display case in Geist's garage. The majority of the 39 seized firearms were found surrounding an open and unlocked safe inside the residence. There were numerous surveillance cameras stationed on the corners of the garage area in which the seized drug contraband was located. Additionally, an investigator testified that the amount of methamphetamine found in the garage was consistent with distribution. Viewed in the light most favorable to the trial court's judgment, the State presented substantial evidence which could demonstrate that the firearms were used in the course of criminal activity. See id .
Finally, the trial court could have reasonably found that Geist's possession of the firearms alone proved that they were used in criminal activity. Evidence was adduced during the underlying criminal trial that Geist had been convicted of felony offenses in 1995 and 2008. As a convicted felon, Geist could not lawfully possess firearms. See § 571.010.1. It was a class C felony for him to do so. See § 571.070.2. This firearm offense from Chapter 571 is among the offenses that meet the definition of criminal activity in CAFA. See § 513.605(3)(n). Geist's knowing possession of firearms as a convicted felon supported *123 CAFA civil forfeiture because: (1) these guns were the means by which Geist committed the offense of unlawful possession of a firearm; and (2) the firearms were, therefore, used in the course of criminal activity. Point 1 is denied.
Point 2
In Geist's second point, he contends the trial court erred in ordering that the forfeited firearms be disposed of pursuant to § 571.095, instead of § 513.623 of CAFA.[7] We cannot address the merits of this point because Geist lacks standing to challenge this ruling, in that he is not aggrieved by this portion of the judgment.
"This Court has an obligation, acting sua sponte if necessary, to determine its authority to hear the appeals that come before it." First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc. , 515 S.W.3d 219, 221 (Mo. banc 2017). Standing is a threshold issue and "a prerequisite to a court's authority to address substantive issues." S.C. v. Juvenile Officer , 474 S.W.3d 160, 163 (Mo. banc 2015).
The right to appeal is statutory. Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Employees , 43 S.W.3d 293, 297 (Mo. banc 2001). In a civil case, a party "aggrieved" by a judgment may appeal. § 512.020. A party is aggrieved "when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence." Shelter Mut. Ins. Co. v. Briggs , 793 S.W.2d 862, 863 (Mo. banc 1990). "A party may be aggrieved by some issues in a judgment but not by others. If the party is not aggrieved by the point on appeal they have no standing to raise that point." Cooper v. Henry Cty. Comm'n , 529 S.W.3d 343, 349 (Mo. App. W.D. 2017) (citations omitted); see, e.g. , Harrell v. Missouri Dep't of Corr. , 207 S.W.3d 690, 693 (Mo. App. W.D. 2006).
Once the trial court ordered forfeiture of the firearms, Geist lost any legally cognizable interest in the property. See, e.g. , Matter of Foreclosure for Delinquent Land Taxes by Action in REM , 947 S.W.2d 90, 93 (Mo. App. W.D. 1997). Therefore, he could not be aggrieved by the manner in which the court disposed of that property and distributed the proceeds. Because Geist's property interest in the firearms was forfeited, the issue raised in his second point does not involve an issue immediately concerning his "personal or property rights or interests[.]" Shelter , 793 S.W.2d at 863.
Although Geist refers us to case law discussing where CAFA proceeds must be directed, he does not explain in what respect he is personally "affected by the action being challenged[.]" HHC Med. Grp., P.C. v. City of Creve Coeur Bd. of Adjustment , 99 S.W.3d 68, 73 (Mo. App. E.D. 2003). Instead, his point appears to be directed at enforcing a non-party's possible interest in the forfeited property. That issue would have to be raised in a proper proceeding by an entity with standing to litigate the question. See, e.g. , Reorganized Sch. Dist. No. 7 Lafayette Cty. v. Douthit , 799 S.W.2d 591, 592 (Mo. banc 1990) (action brought by a school district against the county commissioners of Lafayette *124 County and the trustees of the statutory forfeiture proceeds in Lafayette County, claiming the proceeds previously ordered distributed to law enforcement agency). Because Geist lacks standing, Point 2 is dismissed.
The judgment of the trial court is affirmed.
WILLIAM W. FRANCIS, JR., P.J.-CONCUR
DANIEL E. SCOTT, J.-CONCUR

All statutory references are to RSMo Cum. Supp. (2013), unless otherwise specified. All rule references are to Missouri Court Rules (2018).

All references to § 513.623 are to RSMo (2000).

During the pendency of the appeal, Geist filed a motion to supplement the record on appeal with a transcript of the underlying criminal case. We grant the motion. The judge who presided over the forfeiture proceeding was the same judge who presided over the underlying criminal case, and the same parties were in attendance with the same counsel. During the forfeiture proceeding, the trial court took judicial notice of the "entire file" of the underlying criminal case. A court, on its own motion, may take judicial notice of its records involving prior proceedings between the same parties on the same basic facts involving the same general claims for relief. State v. Dillon , 41 S.W.3d 479, 482 (Mo. App. E.D. 2000). The noticed records of the underlying criminal case, including the transcript of the proceeding, have been considered as a part of the record on appeal of the forfeiture proceeding. Rule 81.12(c); Dillon , 41 S.W.3d at 483.

Respondent did not file a brief on appeal. While there is no penalty for this failure, it deprives us of the benefit of any arguments Respondent might have made to support the trial court's decision.

Geist made no request for the trial court to make a finding on this challenged factual proposition under Rule 73.01(c). Therefore, the challenged factual proposition "shall be considered as having been found in accordance with the result reached." Id .

Geist's reliance on State ex rel. Boling v. Malone , 952 S.W.2d 308 (Mo. App. W.D. 1997), is not persuasive. In Malone , a forfeiture was reversed because there was absolutely "no evidence linking the power tools and jewelry to criminal activity[.]" Id . at 312. Here, unlike Malone , Geist's statements to the investigators served as a sufficient nexus between the forfeited property and the criminal activity.

When a defendant is convicted of a felony perpetrated in whole or in part by the use of a firearm, the trial court is authorized to confiscate and sell the weapon, and give the proceeds to the police or sheriff's department. See § 571.095. Forfeited property, on the other hand, is distributed "pursuant to section 7 of article IX of the Constitution of the state of Missouri." § 513.623.