**MISSOURI STATE HIGHWAY PATROL and A.R. Lubker, Superintendent, Missouri State Highway Patrol, Plaintiffs-Appellants,**

v.

**Ancil ROBERTSON and Robertson Garage, Defendant-Respondent.**

No. 12540.

Missouri Court of Appeals,
Southern District,
Division Three.

March 15, 1983.

John Ashcroft, Atty. Gen., Preston Dean, Theodore A. Bruce, Asst. Attys. Gen., Jefferson City, for plaintiffs-appellants.

James E. Reeves, Ward & Reeves, Caruthersville, for defendant-respondent.

MAUS, Judge.

Following a hearing held on July 2, 1980 in compliance with § 307.360.4(2), the Superintendent of the Missouri State Highway Patrol revoked for one year the Motor Vehicle Safety Inspection Station Permit and Inspector's Permit issued to the respondent. Upon the respondent's petition, that decision was presented to the circuit court for review. Rule 100.01. Upon that review, the circuit court in general terms found the revocation was not supported by the evidence, was contrary to law, and, because the penalty was excessive, constituted an abuse of discretion. The decision of the Superintendent was reversed. By this appeal, the Patrol contends that reversal was erroneous.

The respondent appeared before the Hearing Officer of the Patrol without counsel. In the circuit court and in this court, he has been most effectively represented by able counsel, acting in the finest tradition of the Missouri Bar, pro bono publico. His counsel is highly skilled in the traditional adversary fact finding process of the court. He presents many arguments appealing to those with similar training. However, contemporary society demands that compliance with the myriad of existing rules and regulations be determined, at least initially, by an administrative officer or agency. The limitations under which the circuit courts and this court are to review the decisions so made are well established by statute and decision. § 536.140.

To support his position, the respondent seeks to restrict the scope of evidence available to support the revocation. This attack is directed primarily to the "Narrative Report of MVI Violation" pertaining to the instant citation, a prior narrative report, and notices of prior violations. At the outset of the proceedings, the Hearing Officer announced that he would take official notice of all records pertaining to the permits issued to the respondent. The respondent first argues that this reference did not place those records in evidence.

It has been observed: "When records of the agency are to be considered in a case, they must be offered in evidence (§ 536.-070). No conceivable objection can be seen to their being offered by reference, instead of being physically produced and marked as exhibits. The important thing is that everything that is to be considered should formally be made a part of the record." Shewmaker, Procedure Before, and Review of Decisions of, Missouri Administrative Agencies, 37 V.A.M.S. 145, 166. When originally enacted, the applicable statutory provision read: "Records and documents of the agency which are to be considered in the case shall be offered in evidence so as to become a part of the record, the same as any other evidence." § 536.070(1), RSMo 1945. The section was amended to add the following: "But, the records and documents may be considered as part of the record by reference thereto when so offered." § 536.070(5). The announcement of the Hearing Officer was tantamount to compliance with § 536.070(5). Of course, the respondent had the right to production and inspection of the records referred to and, upon proper grounds, to object to the admission of all or any part thereof. No such demand or objection was made. Those records must be considered as part of the record by reference.

The respondent argues the decision of the Superintendent is not supported by the evidence because the recitations of fact in those records constitute hearsay. The respondent deems this critical because the narrative report of the instant violation contains a recital establishing the respondent had actual knowledge the automobile in question had never been inspected by anyone. It must be noted the respondent made no objection to the hearsay. It has generally been considered "[t]his unobjected to hearsay evidence may be considered as competent and substantial evidence supporting the commission's findings." *Mark Twain Homes v. Labor & Indus. Relations,* 616 S.W.2d 145, 147 (Mo.App.1981). Also see *Rooney v. Lloyd Metal Products Company,* 458 S.W.2d 561 (Mo.1970); *State ex rel. 807, Inc. v. Saitz,* 425 S.W.2d 96 (Mo.1968); *Hess Const. Co. v. State Tax Com'n,* 579 S.W.2d 645 (Mo.App.1979). Section 536.-070(8) provides: "Any evidence received without objection which has probative value shall be considered by the agency along with the other evidence in the case." However, it has been declared: "It is likewise true that hearsay evidence will not qualify as competent and substantial evidence upon the whole record to support a finding of fact by an administrative agency." *Wilson v. Labor & Indus. Rel. Com'n,* 573 S.W.2d 118, 121 (Mo.App.1978). Also see *Dickinson v. Lueckenhoff,* 598 S.W.2d 560 (Mo.App. 1980). It is not clear if the later decisions are dealing with unobjected to hearsay. Annot., Administrative Law—Hearsay Evidence, 36 A.L.R.3d 12 (1971). The testimony of the investigating officer makes it unnecessary to further consider or reconcile the cases cited.

In considering his testimony and the other evidence, it is well to first note the rules by which this court is bound in reviewing the action of the circuit court. "In cases of this nature 'we review the findings and decisions of the [Director] not the judgment of the trial court' ... and the scope of our review is limited by § 536.140, RSMo 1978." *Fleming Foods of Missouri, Inc. v. Runyan,* 634 S.W.2d 183, 184–85 (Mo. banc 1982). "It has been further declared that where evidence before an administrative body would warrant either of two opposing findings, the court, upon review, is bound by the administrative determination, and it is irrelevant that the evidence is supportive of the contrary finding." *Willis v. School Dist. of Kansas City,* 606 S.W.2d 189, 194 (Mo.App.1980). "[T]his Court is limited in its determination to whether the decision was supported by competent and substantial evidence upon the whole record, whether it was arbitrary, capricious or unreasonable, or whether the commission abused its discretion." *M.V. Marine Co. v. State Tax Com'n of Mo.,* 606 S.W.2d 644, 647 (Mo. banc 1980).

The investigating officer testified that he took his personal automobile to respondent's garage for inspection. The automobile remained in his sight at all times. When asked who inspected the automobile, he answered, "Mr. Robertson". However, he later unequivocally stated that Mr. Robertson did not inspect any item required to be inspected by statute or the official inspection manual. Nevertheless, the respondent prepared and signed the approval certificate and affixed an approval sticker to the windshield.

The respondent first rather cryptically stated, "All I'm asking—that inspector, he was right on me." He added that he was gone and when he came back the automobile was in the garage. His employee/mechanic said the investigating officer wanted an inspection. The respondent stated that he assumed his employee had inspected the automobile and he proceeded "to do the paper work."

■ The testimony of the investigating officer establishes that no one actually inspected his automobile. The respondent was responsible for the inspection station. At best, the evidence was that he issued a certificate of approval with no knowledge that the automobile had been inspected. His action was a direct violation of the following: "The MVI–2 form shall be signed by the inspector/mechanic who inspects the vehicle." 11 CSR 50–2.120(1).

There was before the Hearing Officer a record that was not hearsay. A hearing on a previous violation was scheduled to be held on July 11, 1979. On June 29, 1979, the respondent, in writing, waived his right to appear at that hearing. The waiver provided that as a result of his failure to appear, it would be presumed that he admitted the allegations of fact in the violation report that formed the basis for the hearing. Those allegations included the following: "The inspection program at this station has been very suspect for some time and all attempts to remedy the situation and oral and written warnings have been futile." It further recited, "[t]hey said they knew they were wrong and really offered no excuse for their actions." The prior citation was for issuing an approval certificate for an automobile that had a broken rear turn light lens and a broken headlight. The respondent's inspector/mechanic permit was suspended for 30 days.

The issuance of a certificate of approval in the absence of an inspection defeats the purpose of the law. The seriousness of the instant violation is aggravated by the respondent's past record. Neither the circuit court nor this court is authorized to substitute its judgment for that of the administrative officer. *City of Kennett v. Labor & Indus. Rel. Com'n,* 610 S.W.2d 623 (Mo. banc 1981); *Willis v. School Dist. of Kansas City,* supra. In view of the circumstances, it cannot be said the revocation for one year was an abuse of discretion. § 536.140(6), (7). The judgment of the circuit court is reversed and the cause is remanded with direction to enter judgment affirming the decision of the Superintendent.

GREENE, C.J., and FLANIGAN and PREWITT, JJ., concur.