**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael MEEKS, Defendant-Appellant.**

**No. 45177.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Application to Transfer Denied
Sept. 20, 1983.

Watkins & Steiger, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

In this court-tried case defendant was found guilty of the felonies of rape, burglary in the first degree and assault in the first degree. The court further found defendant to be a persistent offender punishable by sentence to an extended term of imprisonment under § 558.016, in that he was previously convicted of two felonies committed at different times and unrelated to the present charges. The court sentenced defendant to serve thirty years on each conviction, the sentences to run consecutively.

Defendant does not challenge the sufficiency of the evidence of the crimes. The state charged and proved that the defendant, during the afternoon of July 21, 1980 unlawfully entered the apartment of a woman residing in Clayton, Missouri, and repeatedly struck her with his fists. She escaped. Shortly thereafter he raped a second woman in a parking garage also in Clayton.

At trial, defendant relied upon § 552.-030.1 RSMo Supp.1982, contending that at the time of the events, as a result of mental disease or defect, he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law.

Defendant preserved and here contends that the court erred in failing to find in his favor on the issue of mental disease and defect. He also presents two issues which may be reviewed only as plain error under Rule 30.20: first, that the trial court erred in permitting the state a second psychiatric examination of defendant after each party had the benefit of one examination; and second, that the trial court erred in finding defendant a persistent offender solely on the basis of judicial notice of two prior unrelated convictions.

■ As to the issue of mental disease or defect we assess the insufficiency of the evidence of the defense, accept as true all evidence and inferences that tend to support the conviction, and disregard all evidence and inferences to the contrary. Since this is a jury waived criminal case, the trial court's findings are deemed to have the same weight as a jury's verdict. Accordingly, the trial court's finding shall be affirmed if supported by substantial evidence. *State v. Trask,* 581 S.W.2d 417, 418 (Mo. App.1979); *State v. Sanderson,* 528 S.W.2d 527, 529 (Mo.App.1975).

■ The state concedes and we agree that defendant introduced substantial evidence of mental disease or defect, sufficient to overcome the presumption that he was free of mental disease and to submit the issue to the trier of fact. *State v. Bacon,* 501 S.W.2d 499, 501 (Mo.App.1973). The defendant's relatives testified to a history of erratic behavior. A qualified psychiatrist testified that defendant was suffering from "Atypical psychosis", a mental disease or defect, and that defendant did not know the nature or quality and wrongfulness of his actions. Two qualified psychiatrists testified for the state that at the time of defendant's charged misconduct he did not suffer from a mental disease or defect such that he did not appreciate the nature, quality or wrongfulness of his conduct and was capable of conforming his conduct to the requirements of law. The trial court, as the trier of fact, was free to believe or disbelieve defendant's evidence on this issue. The testimony of either or both of the psychiatrists called by the state constituted substantial evidence to support the findings of the trial court. We rule this point against defendant. *State v. Trask,* 581 S.W.2d 417, 419 (Mo.App.1979); *State v. Sanderson,* 528 S.W.2d 527, 529 (Mo.App. 1975).

■ Defendant next contends that the trial court erred in permitting a third psychiatric examination of defendant. He argues that the state was not entitled to the benefit of the testimony of two psychiatrists, and that this procedure violated § 552.030.4 RSMo Supp.1982. Defendant has not preserved this error and our only

review of this point would be to consider it as plain error in order to determine whether it was manifestly unjust. Defendant's motion *in limine* to prevent the second psychiatrist for the state from testifying was denied pre-trial, and was insufficient to preserve the error. *State v. Armstrong,* 609 S.W.2d 717, 718 (Mo.App.1980). No objection was made to the testimony when offered and defendant did not include this ground in his motion for new trial. Rule 29.11(e)(2)(B); *State v. Harris,* 620 S.W.2d 349, 354 (Mo. banc 1981); *State v. Simmons,* 500 S.W.2d 325, 328 (Mo.App.1973).

 Section 552.030.4 provides an orderly sequence of medical examinations when the defendant pleads mental disease or defect. The statute does not prohibit, prevent or foreclose more than two examinations but serves to provide both sides an opportunity to have testimony establishing or refuting the medical defense. The defendant here was not harassed by unreasonable and repeated examinations. "[W]ith regard to ordering a mental examination, the trial court is vested with broad discretion." *State v. Beal,* 602 S.W.2d 22, 23 (Mo.App.1980). The trial judge did not abuse his discretion in permitting a third examination and admitting testimony based thereon. The testimony was merely cumulative of similar testimony from the first examination. We find no plain error here.

 Defendant's final point is that the court failed to follow the procedures set forth in § 558.021 RSMo Supp.1982, in sentencing defendant under the extended term provisions of § 558.016 RSMo Supp.1982. Defendant failed to object to the trial court proceeding by judicial notice on his persistent offender status, and thus we review only for plain error. *See State v. Oldham,* 546 S.W.2d 766, 771 (Mo.App.1977).

 Section 558.021.1 provides that the indictment or information must plead essential facts warranting a finding that the defendant is a persistent offender, evidence must be introduced to establish beyond a reasonable doubt that the defendant is a

persistent offender and the court must make a finding beyond a reasonable doubt that the defendant is a persistent offender. The indictment here pleaded that on May 3, 1977 defendant was convicted of tampering with a motor vehicle and on May 23, 1975 defendant was convicted of the felony of burglary second degree and stealing. Both convictions occurred in the circuit court of St. Louis County, Missouri. At sentencing in open court with both parties represented by counsel, the trial court stated the following:

> Let the record also show that the Court takes judicial notice of *its record,* which is the May 3rd of 1977 conviction of the Defendant in the St. Louis County for the felony of tampering with a motor vehicle in Cause No. 388495. I find the Defendant guilty, on May 23rd of 1975, *under our records,* of burglary second degree and stealing in Cause Number 3596666 [sic].
>
> And, based upon the Court's judicial knowledge of *its own records* in those causes, I find the Defendant is a persistent offender. (emphasis added)

Neither defendant nor his counsel objected to or commented on the court's finding. These were prior convictions of this defendant. After defendant's counsel made a brief plea based upon defendant's mental disease defense the court imposed sentence. On these facts we find the provisions of § 558.021 were satisfied. The indictment was sufficient, the findings were specific and responsive to the indictment, and the requisite evidence and burden of proof were met by the court taking judicial notice of its own files. This procedure was upheld in *State v. Surgeon,* 456 S.W.2d 293, 296 (Mo. 1970). No plain error occurred.

Judgment affirmed.

SNYDER, P.J., and DOWD, J., concur.