**MECHANICS ON WHEELS, Petitioner-Respondent,**

**and**

**Michael Levison, Petitioner,**

v.

**MISSOURI STATE HIGHWAY PATROL, Respondent-Appellant.**

No. 47805.

Missouri Court of Appeals, Eastern District, Division Three.

April 17, 1984.

Theodore Allen Bruce, Jefferson City, for respondent-appellant.

Helton Reed, St. Louis, for petitioner-respondent.

CRANDALL, Judge.

This is an appeal by the Missouri State Highway Patrol from a judgment of the circuit court that reversed the revocation of respondent's Motor Vehicle Inspection Station permit. The circuit court determined that there was not substantial and competent evidence to support the revocation. We reverse and remand with instructions to reinstate the decision of the Superintendent.

In April 1982 a trooper in the Highway Patrol investigated an alleged illegal sale of a motor vehicle inspection sticker. These stickers are to be affixed to a car's windshield immediately after an inspection by the inspector/mechanic if the car meets inspection requirements. Based on the results of the investigation, the trooper charged Mechanics on Wheels and Michael Levison with violations of the motor vehicle inspection law, §§ 307.360 and 307.365, RSMo (Supp.1983), and the inspection regulations, 11 CSR 50–2.090, 11 CSR 50–2.110, 11 CSR 50–2.120. Levison was an inspector/mechanic and an owner of Mechanics on Wheels. He was in charge of all inspections performed by Mechanics on Wheels and was the only inspector/mechanic in that business.

A hearing was held on these charges. The evidence adduced showed that Roy Copeland purchased a motor vehicle inspection sticker from James McDonald for $20. Copeland did not have his car inspected because he did not think it would pass inspection. The sticker that Copeland purchased was shown to have been issued to Levison and Mechanics on Wheels by the Highway Patrol. Mechanics on Wheels' business records purported to show that Copeland's car had been inspected by Levison. The sticker had never been reported stolen. It was also shown that the sticker had been improperly affixed to the windshield and information on the back of the sticker had not been properly completed.

The hearing officer found that Levison and Mechanics on Wheels had violated § 307.365, RSMo (Supp.1983), and Administrative Rules 11 CSR 50–2.090, 11 CSR 50–2.110, and 11 CSR 50–2.120. The Superintendent of the Highway Patrol agreed with these findings and on that basis revoked both permits for one year. § 307.-360, RSMo (Supp.1983). The circuit court affirmed as to Levison's inspector/mechanic permit but reversed as to Mechanics on Wheels' permit. Only that reversal is before us.

We note first our standard of review. The agency's decision should be affirmed if it is supported by substantial and competent evidence on the whole record. § 536.140, RSMo (1978); *Missouri State Highway Patrol v. Robertson*, 648 S.W.2d 644 (Mo.App.1983).

The regulations of the Highway Patrol provide: "Failure to comply with the motor vehicle inspection regulations will subject the inspection station operator and inspector/mechanic to a warning, suspension or revocation of inspection permits, and arrest." 11 CSR 50–2.130. The circuit court found substantial and competent evidence to support the revocation of Levison's inspector/mechanic permit. That same substantial and competent evidence of a failure to comply with the law and regulations also supports the revocation of Mechanics on Wheels' station permit. That portion of the circuit court judgment reversing the revocation of Mechanics on Wheels' station permit is therefore erroneous.

The judgment of the circuit court is reversed and the cause is remanded with instructions to reinstate the decision of the Superintendent.

KAROHL, P.J., and REINHARD, J., concur.