**STATE of Missouri, ex rel. Richard G. CALLAHAN, Prosecuting Attorney, Respondent,**

v.

**Lawrence Dean COLLINS, Appellant.**

No. WD 55189.

Missouri Court of Appeals, Western District.

Oct. 6, 1998.

Douglas Hennon, Jefferson City, for Appellant.

Richard G. Callahan, Pros. Atty., Elizabeth W. Kohler, Asst. Pros. Atty., Jefferson City, for Respondent.

HANNA, Judge.

Lawrence Dean Collins appeals from the judgment rendered against him following a forfeiture trial pursuant to the Criminal Activities Forfeiture Act (CAFA), §§ 513.600–645.[1] The circuit court of Cole County forfeited Mr. Collins' handgun and $869 in U.S. currency to the state.

On October 19, 1995, the Cole County prosecuting attorney filed a petition seeking the forfeiture of a Glock Model 19 9mm handgun and $869 cash, which were seized incident to Collins' arrest on October 16, 1995. Collins was charged with possession of cocaine and unlawful use of a weapon. The forfeiture case was heard by the court on August 15, 1997, and Collins appeals from the court's decision forfeiting the property.[2] The record on appeal includes "Joint Exhibit 1," which consists of the investigation and arrest reports of the underlying criminal case against Collins.

Joint Exhibit 1 shows that police officers responded to a call, apparently made by Collins while he was suffering from a paranoid delusion about his alleged abduction. A consensual search of Collins' vehicle found 3.38 grams of cocaine in a zippered waist pouch in the front seat of the car. Collins identified the substance as cocaine and admitted that it was his. A fully loaded 9mm Glock handgun was found in a briefcase in the back seat of the car, along with $869 in U.S. currency and a spoon with cocaine residue.

On December 3, 1997, the court entered judgment in favor of the state, finding that the handgun and the $869 were "used or intended for use in the course of, derived from, or realized through criminal activity;" that only Collins had claimed an interest in the property; and that Collins had been found guilty of possession of a controlled

substance and unlawful use of a weapon, felonies which were substantially related to the forfeiture. The particular trial court finding at issue here is:

That Respondent Lawrence Dean Collins has been found guilty to the felony offenses of possession of a Controlled Substance and Unlawful Use of a Weapon in Case No. CR395–1828F[;] cases that are substantially related to the forfeiture.[3]

Accordingly, the $869 and the handgun were ordered forfeited to the state.

Collins complains that there was no evidence presented to support the finding that he had been found guilty of the underlying felonies, and that the evidence was insufficient to support the finding that the $869 was used in the course of, derived from, or realized through criminal activity.

A judgment in a forfeiture case will be sustained on appeal, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *State v. Beaird*, 914 S.W.2d 374, 375–76 (Mo.App.1996). "In civil matters such as forfeitures, the appellate court views the evidence in the light most favorable to the judgment, providing all reasonable inferences to the prevailing party." *State v. Residence Located at 5708 Paseo, Kansas City, Mo.*, 896 S.W.2d 532, 534 (Mo.App.1995).

In Collins' first point, he contends that there is no evidence to support the trial court's finding that he was guilty of the underlying felonies. This contention is premised on the proposition that the only evidence offered at the hearing was Joint Exhibit 1, which proved that he was arrested for the felonies. It did not state that he was found guilty of the underlying felonies. Collins refers us to *Meiners Co. v. Clayton Greens Nursing Ctr., Inc.*, where the court stated that "[w]hen the record in another case forms an essential element of a party's

---

1. All statutory references are to Missouri Revised Statutes, 1994, unless otherwise indicated.

2. Pursuant to § 513.617.1, the trial of the forfeiture matter could not be set for disposition until the defendant was either found guilty or pled guilty to the underlying criminal charge.

3. Collins does not challenge the finding as incorrect, but claims only that there was no evidence to support it.

claim or defense, the record itself must be introduced in evidence, absent an admission of its contents by the opposing party." 645 S.W.2d 722, 724 (Mo.App.1982). Thus, he maintains, there was no evidence to support the court's guilty finding, a necessary element for a forfeiture of property. § 513.617.1; *Residence Located at 5708 Paseo*, 896 S.W.2d at 538.

In support of his contention that the only evidence offered at the hearing was Joint Exhibit 1, Collins refers to the court's docket entry which states:

> Parties appear by counsel. Evidence submitted in Joint Exhibit 1; parties rest. Case taken under advisement and parties given until 8/29/97 to file briefs.

■ Existence of every fact essential for the trial court to have rendered a valid decree is presumed, and the party contesting such decree has the burden to overcome the presumption that it is valid. *Cloyd v. Cloyd*, 564 S.W.2d 337, 342 (Mo.App.1978). Appellate courts view evidence in the light most favorable to the judgment when reviewing civil forfeitures, providing all reasonable inferences to the prevailing party. *Beaird*, 914 S.W.2d at 376.

■ If evidence other than Joint Exhibit 1 was received, it was not required that the court's docket entry make reference to such a fact. Trial courts are not required to record every evidentiary matter and exhibit in the docket entry. We are not prepared to conclude that, by omission, no additional evidence was received. The presumption, therefore, is that the court's judgment is correct. *Cloyd*, 564 S.W.2d at 342. In this case, the court found that "Collins has been found guilty to the felony offenses of possession of a Controlled Substance and Unlawful Use of a Weapon in Case No. CR395–1828F." The trial court identified the court case file by its number. Thus, it is apparent that the court's file regarding Collins' underlying felonies was before the trial court.

■ However, no transcript of the proceedings has been provided to this court, apparently because there was no record made of the proceedings. As the appellant, Collins has the duty to present a record that contains "all the evidence necessary for our making determinations in the issues raised." *State v. Scott*, 933 S.W.2d 884, 886 (Mo.App.1996)(citing *Sydnor v. Director of Revenue*, 876 S.W.2d 627, 628 (Mo.App. 1994)). "If matter complained of is not present in the record, there is nothing for this court to review." *Scott*, 933 S.W.2d at 886 (quoting *Matter of Estate of Voegele*, 838 S.W.2d 444, 446 (Mo.App.1992)). Because Mr. Scott did not furnish the court with the forfeiture hearing transcript, the court was left with no record to review except the trial court's findings. *Id.* That is the same situation as we have here. In *Volvo Finance North America v. Raja*, we held:

> If the [appellants] were concerned that no evidence was presented or the evidence presented was not adequate and that they might desire an appeal, it was incumbent upon them to request that the record be preserved. Parties cannot acquiesce, by silence or otherwise, to an informal handling of a matter at trial, without a record and then seek on appeal to have the appellate court determine the sufficiency of the evidence when nothing was preserved for review.

754 S.W.2d 955, 957 (Mo.App.1988).

■ Whether on its own motion, or at the request of the state, courts may take judicial notice of their own records in other prior proceedings. *See State v. Gilmore*, 681 S.W.2d 934, 940 (Mo. banc 1984).[4] In *State v. Meeks*, the trial court's judicial notice of the defendant's prior convictions occurring in its own circuit was adequate to establish the essential facts warranting the finding that the defendant was a persistent offender. 655 S.W.2d 536, 539 (Mo.App.1983).

■ "[T]he introduction of the other court file into evidence may also be accom-

---

4. See also *State v. Stidham*, 403 S.W.2d 616, 618 (Mo.1966); *Hoekstra v. Jenkins*, 730 S.W.2d 263, 267 (Mo.App.1987); *Logan v. State*, 712 S.W.2d 9, 11 (Mo.App.1986); *Turner v. State*, 669 S.W.2d 642, 644 (Mo.App.1984); *State v. Meeks*, 655 S.W.2d 536, 539 (Mo.App.1983); *Hurse v. State*, 527 S.W.2d 34, 35 (Mo.App.1975); *Layton v. State*, 500 S.W.2d 267, 269 (Mo.App.1973); *State v. Floyd*, 403 S.W.2d 613, 615 (Mo.1966).

plished by the court taking judicial notice of the file if it is physically before it." *State v. Hurst,* 845 S.W.2d 669, 670 (Mo.App.1993)(quoting *State v. Weber,* 814 S.W.2d 298, 304 (Mo.App.1991)). In light of the trial court's finding that Collins was convicted of the felonies, it is apparent that the court file containing the convictions was before the trial court and part of the evidence. The court correctly took judicial notice of the file. Point denied.

In his second point, Collins claims that the trial court erred in finding that the currency found in the briefcase in the back of his car was "used in the course of, derived from, or realized through criminal activity." He claims that there "is no evidence whatsoever that the currency was related to [his] possession of a controlled substance" and, as such, the evidence is insufficient to create a nexus between the currency and possession of cocaine.

 Collins' position is defeated by the statutory presumption that currency "found in close proximity to forfeitable controlled substances ... or drug paraphernalia ... [is] presumed to be forfeitable under this subsection." § 195.140.2(2). This presumption shifts the burden to Collins to come forth with rebutting evidence. In response, Collins continues his argument by maintaining that the forfeiture petition was brought pursuant to CAFA, not Chapter 195, and, hence, the presumption was not applicable as it was not raised by the state in its pleading or at trial.

The CAFA's definition of "criminal activity" includes the commission of a crime under Chapter 195, the chapter which relates to drug regulations. § 513.605(3)(a). Moreover, Chapter 195 provides that the enforcement of the forfeiture proceedings for money found in close proximity to illegal drugs, is to be conducted pursuant to the provisions of CAFA. § 195.140.2(3). Thus, the close proximity of the cocaine and the money applies to this forfeiture proceeding, as it does in all forfeiture proceedings in which the money to

be forfeited was "used in the course of, derived from, or realized through" a drug related felony. The trial evidence shows that the money and the handgun were found in a briefcase in the back seat of the defendant's car. The briefcase also contained a spoon with cocaine residue. The presumption set forth in § 195.140.2(2) remains unanswered, and thus, favors the court's finding that the money is forfeitable.[5] *See State ex rel. Cook v. Saynes,* 713 S.W.2d 258, 260–61 (Mo. banc 1986). The trial court did not err in finding that the money was "used in the course of, derived from, or realized through criminal activity." Point denied.

The judgment of the trial court is affirmed.

BRECKENRIDGE, P.J., C.J., and HOWARD, J., concur.

5. Section 195.140.2(2) states in relevant part: "The burden of proof shall be upon claimants of property to rebut this presumption."