David L. MOORE, D.D.S., Appellant,

v.

**MISSOURI DENTAL BOARD,**
Respondent.

**No. WD 71065.**

Missouri Court of Appeals,
Western District.

March 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2010.

Application for Transfer Denied
June 29, 2010.

Audrey H. McIntosh, Jefferson City, MO, for appellant.

Loretta L. Schouten, Columbia, MO, for respondent.

Before Division Four: THOMAS H. NEWTON, Chief Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

David L. Moore ("Moore") appeals from a disciplinary order ("Order") issued by the Missouri Dental Board ("Board") revoking Moore's dental license and barring reapplication for a period of not less than one year. The Order imposed additional discipline pursuant to section 324.042, formerly section 620.153,[1] as Moore was

---

1. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated. In 2008, portions of the Missouri Revised Statutes were renumbered. Section 620.153 was repealed and renumbered as section

found to have violated a previous disciplinary agreement. Moore complains that the Order is not supported by competent and substantial evidence because the Board improperly took official notice of records from the earlier disciplinary proceeding and relied on those records to enter the Order. Moore also complains that the additional discipline imposed by the Order is not supported by competent and substantial evidence. We affirm.

### Factual and Procedural History

Moore is a licensed dentist in the State of Missouri. The Board filed a Probation Violation Complaint ("Complaint") after Moore tested positive for cocaine following a drug test on August 31, 2007. The drug test had been required by the Board as a part of the discipline imposed on Moore following an earlier disciplinary proceeding.

Moore received the Complaint along with a Notice of Probation Violation Hearing ("Notice"). The Notice advised Moore that the Board would conduct a hearing on January 19, 2008, to determine whether Moore violated a previous disciplinary order, and if so, whether additional discipline should be imposed. Moore did not file an answer contesting the allegations in the Complaint. Moore attended the hearing with legal counsel. At the hearing, the Board's President opened the proceedings by noting:

This is a hearing in the matter of the Missouri Dental Board versus David L. Moore, DDS, Case No. DB–08–028. The purpose of this hearing is to determine whether or not Dr. Moore violated the terms of his discipline as contained

in the waiver of hearing, joint stipulation, request for consent order filed on January 16th, 2007, by the Missouri Dental Board and the consent order issued by the Administrative Hearing Commission on or about January 17, 2007, and if so, what discipline, if any, to impose on Dr. Moore's dental license.[2]

The proceedings were then turned over to the Board's counsel. Counsel stated: "The parties have reached an agreement regarding the allegations in this case that are outlined in the Probation Violation Complaint...." Moore's counsel did not contest this representation. Moore was then examined by the Board's counsel. The extent of that questioning was as follows:

Q. And Dr. Moore let me ask you we have reached an agreement regarding the allegations in the probation violation complaint; is that correct?

A. Correct.

Q. Okay. Specifically that on August 31, 2007, you submitted to a urine drug screen for the board—

A. Yes.

Q. —pursuant to the terms of discipline?

A. Uh-huh.

Q. And that—and that you tested positive for cocaine; is that correct?

A. Correct.

Counsel for the Board then rested.

The proceedings were turned over to counsel for Moore. Moore's counsel admitted three exhibits. Two of the exhibits related to rehabilitation efforts Moore had undertaken since his positive drug test on

324.042. Section 324.042 and former section 620.153 are identical.

**2.** For ease of reference, the waiver of hearing, joint stipulation, request for consent order filed on January 16, 2007, will be referred to

as "2007 Stipulation," and the consent order issued by the Administrative Hearing Commission on January 17, 2007, will be referred to as "2007 Consent Order."

August 31, 2007. The third exhibit was a character reference. Moore's counsel then examined Moore. Moore admitted his cocaine use and characterized the use as a "relapse."[3] Moore testified about the circumstances of his relapse and described the voluntary rehabilitation efforts he had undertaken since his relapse.

Moore's counsel called Ira Davis, who runs the Missouri Dental Well Being Program, as a witness. Davis testified about Moore's experience in the program prior to his relapse, about the relapse, about Moore's rehabilitation efforts since the relapse, and about Moore's voluntary cessation of his dental practice subsequent to his relapse.[4] Davis opined that Moore should be permitted to return to the practice of dentistry.

Moore presented no evidence contesting the representation that the parties had reached an agreement regarding the allegations outlined in the Complaint. Rather, the evidence submitted by Moore was relevant to the issue of what additional discipline, if any, the Board should impose on Moore.

On April 4, 2008, the Board issued its Order. The Order revoked Moore's license for a period of at least one year. On April 17, 2008, Moore filed a Petition for Judicial Review ("Petition") in the Circuit Court of Cole County, alleging that the Order was unsupported by competent and substantial evidence.

At Moore's request, the trial court issued a Stay Order ("Stay") suspending the revocation of Moore's license pending a decision on the Petition. The Stay directed Moore to conduct his practice in accordance with the probationary terms contained in the 2007 Stipulation and the 2007 Consent Order. Moore thereafter resumed his dental practice.

On July 9, 2008, Moore filed an Amended Petition. The Amended Petition added the assertion that the Board abused its discretion and utilized unlawful procedures resulting in its decision being unsupported by competent and substantial evidence upon the whole record because the Order took official notice of the 2007 Stipulation and the 2007 Consent Order though that did not occur on the record according to the transcript.

On May 7, 2009, the trial court entered its Judgment ("Judgment") affirming the Order. Anticipating this appeal, the Judgment extended the Stay until further order of the court and again directed Moore to comply with the probationary terms contained in the 2007 Stipulation and the 2007 Consent Order, both of which were incorporated by reference into the Judgment. This appeal follows.

## Standard of Review

In an action involving initial license discipline, the Board assesses an appropriate level of discipline after the Administrative Hearing Commission ("AHC") has independently determined, "on the law and the evidence submitted by both the Board and the licensee, that cause for discipline exists." *Lacey v. State Bd. of Reg. for the Healing Arts*, 131 S.W.3d 831, 836 (Mo.App. W.D.2004). In such a case, section 621.145 directs that we review the "AHC's decision as to the existence of cause and the Board's subsequent disciplinary order 'as one decision,' and proceed to review that combined decision, not the

---

**3.** Moore used the term "relapse" throughout his testimony, suggesting the incident which brought him before the Dental Board was not his first involving the use of cocaine.

**4.** At Davis's suggestion, Moore voluntarily ceased practicing dentistry after his failed drug test.

circuit court's judgment." *Id.* (*quoting Dorman v. State Bd. of Reg. for the Healing Arts*, 62 S.W.3d 446, 453 (Mo.App. W.D.2001)).

■■■ This case does not involve initial license discipline, however. This case involves the Board's imposition of additional discipline pursuant to section 324.042, which authorizes the Board to determine *both* whether a licensee "has violated any disciplinary terms previously imposed or agreed to pursuant to settlement," and what, if any, additional discipline to impose. As no statute specifically addresses the standard of review to be applied to administrative agency action under section 324.042, our standard of review is controlled by section 536.100, which authorizes judicial review of "a final decision in a contested case ... as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute." Section 536.100; *Lacey*, 131 S.W.3d at 836. Thus, we review the Board's Order, and not the judgment of the trial court. Section 536.140; *Lacey*, 131 S.W.3d at 837. "The Board's decision is presumed valid, and the burden is on the party attacking it to overcome that presumption." *Lacey*, 131 S.W.3d at 837 (citing *Dorman*, 62 S.W.3d at 453). We make a " 'single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support' " the agency's decision. *Albanna v. State Bd. of Reg. for Healing Arts*, 293 S.W.3d 423, 428 (Mo. banc 2009) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). If the "agency's decision involves a question of law, the court reviews the question *de novo.*" *Id.* (citing *State Bd. of Reg. for Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003)).

## Analysis

Moore raises two points on appeal. Moore first contends that the Order was not supported by competent and substantial evidence because, although the Order states that the Board took official notice of the 2007 Stipulation and the 2007 Consent Order, neither document was properly made a part of the record in the manner required by either section 536.070(5) or section 536.070(6). Moore next contends that the revocation of his license for a period of at least one year was not supported by competent and substantial evidence in light of Moore's voluntary rehabilitation efforts and cessation of his dental practice following the failed drug test.

## Point I

Imposition of additional discipline under section 324.042 required the Board to find that Moore violated the disciplinary terms previously agreed to pursuant to the 2007 Stipulation and the 2007 Consent Order. Moore contends that the 2007 Stipulation and the 2007 Consent Order were not properly made a part of the record pursuant to either section 536.070(5) or section 536.070(6), which describe the manner in which an administrative agency can either place its records or documents into evidence or take official notice of matters. Moore claims that the Order is not supported by competent and substantial evidence, because the documents essential to establish a prior agreed disposition of a disciplinary proceeding—the predicate to the Board's ability to act under section 324.042—were not made a part of the record.

The Board claims that it properly admitted the 2007 Stipulation and the 2007 Consent Order pursuant to section 536.070(5) by reference to both documents at the outset of the disciplinary hearing, or pursuant to section 536.070(6) by noting in the

Order that the Board had taken official notice of its own records, specifically the 2007 Stipulation and the 2007 Consent Order. The Board also argues that the Order is otherwise supported by the admitted allegations in the Complaint and by Moore's testimony at the hearing.

### *Section 536.070 (5) and (6)—The 2007 Stipulation and the 2007 Consent Order*

Sections 536.070(5) and (6) describe the means by which an administrative agency can incorporate matters into the record:

In any contested case:

. . . .

(5) Records and documents of the agency which are to be considered in the case shall be offered in evidence so as to become a part of the record, the same as any other evidence, but the records and documents may be considered as a part of the record by reference thereto when so offered.

(6) Agencies shall take official notice of all matters of which the courts take judicial notice.

Section 536.070(5) thus permits an agency's records and documents[5] to be treated as a part of the record "by reference thereto *when so offered.*" (Emphasis added.) There is no dispute that the Board referenced the 2007 Stipulation and the 2007 Consent Order at the beginning of the hearing to explain the purpose of the hearing. The Board did not, however, indicate that its reference to the 2007 Stipulation and the 2007 Consent Order was for the purpose of offering the documents into evidence.

In *Hilke v. Firemen's Retirement System of St. Louis,* 441 S.W.2d 730 (Mo.App. 1969), medical reports prepared at the behest of an administrative body charged with determining disability were referred to informally throughout an evidentiary proceeding, and were used to question the licensee by his own counsel. Though never formally offered into evidence or referred to as being offered by reference, the court concluded that the multiple references to, and use of, the reports throughout the proceeding sufficed to comport with section 536.070(5), as there was a generalized sense that both parties were treating the referenced records as a part of the evidence. *Id.* at 733. In contrast, there is no indication in the brief transcript of Moore's proceedings that the parties, in putting on their evidence, referenced the 2007 Stipulation and the 2007 Consent Order at all, let alone in a manner sufficient to permit us to develop a generalized sense that the parties were treating the documents as a part of the evidence before the Board.

In *Missouri State Highway Patrol v. Robertson,* 648 S.W.2d 644, 645 (Mo.App. S.D.1983), a hearing officer stated at the outset of the hearing that he would be taking "official notice of all records pertaining to the permits issued to the respondent." Our Southern District concluded that "[t]he announcement of the Hearing Officer was tantamount to compliance with section 536.070(5)."[6] *Id.* The

---

**5.** The phrase "records and documents" is not defined. As will be seen, there may be permissible overlap in the scope of section 536.070(5) permitting admission of an agency's records and documents by reference and the scope of section 536.070(6) permitting an agency to admit certain evidence by official notice (which evidence may include agency records or documents).

**6.** It is unclear why the Southern District treated the hearing officer's statement as an offer by reference under section 536.070(5) instead of an attempt to take official notice of agency records under section 536.070(6). The explanation, though elusive, is not material to our discussion.

hearing officer's specific statement of intent to make the permits a part of the record by reference is obviously distinguishable from the Board's general reference to the 2007 Stipulation and the 2007 Consent Order where no intent to admit the documents in evidence was mentioned. This distinction is material. It was influential to the Southern District that the hearing officer's specific pronouncement of an intent to treat the permits as a part of the record gave the licensee "the right to production and inspection of the records referred to and, upon proper grounds, to object to the admission of all or any part thereof." *Id.*

In this case, Moore could not be reasonably expected to interpret the Board's general reference to the 2007 Stipulation and the 2007 Consent Order as an indication of the Board's intent to treat the documents as admitted in evidence by reference. The Board's mention of the 2007 Stipulation and the 2007 Consent Order did not fairly alert Moore to a right or need to object to their admission in evidence. We conclude that neither document was properly made a part of the record in the manner required by section 536.070(5).

██ Section 536.070(6) permits an administrative agency to "take official notice of all matters of which the courts take judicial notice." The 2007 Stipulation and the 2007 Consent Order were pleadings generated as a result of the disposition of an earlier disciplinary proceeding involving Moore. "It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief." *Hardin v. Hardin,* 512 S.W.2d 851, 854 (Mo. App.1974); *see also Schrader v. State,* 561 S.W.2d 734, 735 (Mo.App.1978) (court permissibly referenced untranscribed notes of

sentencing imposed at an earlier guilty plea hearing). Judicial notice of records from other related proceedings involving the same parties can be on the court's own motion or at the request of a party. *Hardin,* 512 S.W.2d at 854 (citing *Arata v. Monsanto Chem. Co.,* 351 S.W.2d 717, 721 (Mo.1961)) (other citations omitted).

██ Moore concedes a court can take judicial notice of its records from other related proceedings but discounts the applicability of *Hardin,* arguing the case refers only to courts and not to administrative agencies. This ignores that section 536.070(6) expressly permits administrative agencies to take official notice *when and as courts are permitted to take judicial notice.* Thus, cases defining the parameters where a court can permissibly take judicial notice necessarily define the parameters where an administrative agency can permissibly take official notice. We conclude, therefore, that the 2007 Stipulation and the 2007 Consent Order were eligible for admission in evidence by official notice as the documents related to a prior proceeding between the same parties on the same basic facts involving the same general claims for relief.

This does not conclude our inquiry, however. We must determine whether the Board took official notice of the 2007 Stipulation and the 2007 Consent Order in a manner sufficient to place those documents in evidence. Though the Order states that the Board took official notice of the 2007 Stipulation and the 2007 Consent Order, its intent to do so was not announced on the record. The Board contends that section 536.070(6) does not require official notice of an agency's file, including a file from a prior proceeding, to be taken on the record. We disagree.

In *State ex rel. Callahan v. Collins,* 978 S.W.2d 471 (Mo.App. W.D.1998), the trial court's judgment in a criminal forfeiture

action included a finding that the defendant had been found guilty of the felony offense of possession of a controlled substance and unlawful use of a weapon in a specified prior proceeding. *Id.* at 473. The prior conviction was a necessary predicate to the forfeiture action. " '[W]hen the record in another case forms an essential element of a party's claim or defense, the record itself must be introduced in evidence, absent an admission of its contents by the opposing party.' " *Id.* at 473–74 (quoting *Meiners Co. v. Clayton Greens Nursing Ctr., Inc.*, 645 S.W.2d 722, 724 (Mo.App. E.D.1982)). " 'The introduction of the other court file into evidence may ... be accomplished by the court taking judicial notice of the file *if it is physically before it.*' " *Id.* at 474–75 (emphasis added) (quoting *State v. Hurst*, 845 S.W.2d 669, 670 (Mo.App. E.D.1993)). Similar to the argument advanced by Moore, defendant contended "that there is no evidence to support the trial court's finding that he was guilty of the underlying felonies" because the trial court's docket entry did not note admission of the prior file or that official notice had been taken of same. *Id.* at 473. This court disagreed. The defendant had not provided a transcript of the proceedings. *Id.* at 474. Given the presumption that a trial court's judgment is correct, this court was "not prepared to conclude that, by omission no additional evidence was received" other than the exhibit noted on the court's docket entry. *Id.* "The trial court identified the court case file by its number. Thus it is apparent that the court's file regarding Collin's underlying felonies *was before the trial court.*" *Id.* (emphasis added). In *Chandler v. Hemeyer*, 49 S.W.3d 786 (Mo.App. W.D.2001), this court, citing *Callahan*, reemphasized that the record in a prior proceeding necessary to establish an essential element of a claim may be judicially noticed *if the file is physically before the*

court. *Chandler*, 49 S.W.3d at 792 (citing *Callahan*, 978 S.W.2d at 474–75).

In *State v. Dillon*, 41 S.W.3d 479 (Mo. App. E.D.2000), another criminal forfeiture case, the records which evidenced conviction on the predicate criminal offense were not made a part of the forfeiture record, though the trial court found the defendant had pleaded guilty to the predicate offense. *Id.* at 482. The State filed a timely motion to supplement the record on appeal with a copy of the records from the prior proceeding. *Id.* The State argued the trial court had effectively taken judicial notice of the records from the previous proceeding during the forfeiture proceeding, and that the records of the prior proceeding should therefore be made a part of the record on appeal. *Id.* The Eastern District noted that "[t]he issue here is the degree of specificity that must be articulated by the trial judge to indicate that judicial notice of a previous proceeding has been taken." *Id.* "We are mindful of the general rule that a court will take judicial notice of its own records." *Id.* (citing *State v. Pennick*, 364 S.W.2d 556, 559 (Mo. 1963)). "Further, a court will be presumed to have taken judicial notice of previous cases before it if justice required that [the] court take such judicial notice and there was no showing that [the] court refused to do so." *Id.* at 483. In *Dillon*, the trial court made three specific references to the previous motion hearing on the record, including a reference at the outset of the forfeiture hearing that "there were two files," a reference to an interpleader's testimony "through both of these cases,' " and a reference when the State offered to put the defendant's prior charges in evidence to the that fact this information was "in the other file." *Id.* at 483. Based on the number and specificity of the trial court's references to the records from the prior proceeding, the East-

ern District concluded that "[w]hile the forfeiture action transcript is not as clear as we would like it to be, it is sufficient to demonstrate that the trial judge had and took judicial notice of the previous proceedings, and, therefore, they were part of the record below." *Id.* (footnote call number omitted). However, the Eastern District noted that "[t]he better practice is for the State to still offer the previous record into evidence and/or formally request that the trial judge take judicial notice of the previous proceeding." *Id.* n. 4 (citing *Pennick*, 364 S.W.2d at 559).

Unlike *Callahan*, we have the benefit of a transcript. It leaves no question that the Board did not take official notice on the record of its records from the prior proceeding with Moore. The presumption of a correct judgment afforded the trial court in *Callahan* offers no recourse to the Board, as the transcript rebuts the presumption as it relates to official notice having been taken on the record. Moreover, there was no mention on the record of the case number for Moore's prior proceeding as to permit us to surmise that the prior file was even before the Board—a requirement for taking official notice of records from a prior proceeding. Unlike *Dillon*, the Board's single reference to the 2007 Stipulation and the 2007 Consent Order was not sufficiently specific to warrant treating the reference as the functional equivalent of taking official notice. We cannot conclude that the Board took official notice of the 2007 Stipulation or the 2007 Consent Order in the manner required by section 536.070(6). Thus, neither document was permissibly before the Board for its consideration in determining whether to impose additional discipline pursuant to section 324.042.[7]

### *Other Competent and Substantial Evidence Supporting the Order*

■■■■■ Though we conclude that the 2007 Stipulation and the 2007 Consent Order were not admitted in evidence by the Board pursuant to either section 536.070(5) or section 536.070(6), we are not bound to summarily accept Moore's premise that the Order is not supported by competent and substantial evidence. If the Order is supported by other competent and substantial evidence found in the uncontested record, the Order will be affirmed. *Albanna*, 293 S.W.3d at 428.

The Board's certified record, assimilated for submission to the trial court as required by section 536.130, and then included by Moore as a part of the Record on Appeal, is very brief. Excluding the Order and a letter dated March 20, 2008, directing a copy of the Order to Moore, the Board's record includes: (i) the transcript

---

7. It is revealing that the 2007 Stipulation and the 2007 Consent Order were not included in the record filed in the trial court and certified by the Board as required by section 536.130. Section 536.130.1(3) requires the certified record to include the "transcript of the entire record, proceedings and evidence before the agency." If the Board believed it had admitted by reference or by official notice the 2007 Stipulation and the 2007 Consent Order in evidence, it is inexplicable that neither document would have been made a part of the certified record prepared by the Board. The same certified record was included as a part of the Record on Appeal filed by Moore in this court. The Board did not seek to file a Sup-

plemental Record on Appeal to add the 2007 Stipulation and the 2007 Consent Order pursuant to Rule 81.12(c) or (e). The Board did attach the 2007 Stipulation and the 2007 Consent Order as an Appendix to its brief. As we have concluded that the 2007 Stipulation and the 2007 Consent Order were not admitted in evidence pursuant to either section 536.070(5) or section 536.070(6), we similarly conclude the documents would not have been properly a part of the Record on Appeal and should not have been attached as an Appendix to the Board's brief. We have, therefore, disregarded the Board's Appendix, rendering moot Moore's Motion to Strike which was taken with the case.

of the disciplinary hearing conducted on January 19, 2008, (ii) the three exhibits offered during the disciplinary hearing by Moore, (iii) a December 14, 2007 letter from the Board to Moore enclosing a copy of the Notice, (iv) a November 27, 2007 letter from the Board to Moore enclosing a copy of the Notice, (v) the Notice, and (vi) the Complaint.

We note that Moore did not complain about the Board's inclusion of the Notice or the Complaint in the certified record assimilated for submission to the trial court. Section 536.130 permits inclusion in an agency record assimilated for submission to the reviewing court "[s]uch parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon." Section 536.130.1(1). Though not a written stipulation, Moore did confirm on the record that the parties had reached an agreement about the allegations in the Complaint. If Moore disagreed with the Board's treatment of the allegations in the Complaint as admitted, Moore should have timely objected to inclusion of the Complaint in the record certified by the Board as permitted by section 536.130.3. Moore did not do so. Instead, Moore has perpetuated the absence of any objection to inclusion of the Notice and the Complaint in the record

certified by the Board and submitted to the trial court by his inclusion of both pleadings in the Record on Appeal. It is true that the Board did not formally offer by reference into evidence the Notice or the Complaint pursuant to section 536.070(5). Moreover, the Board did not take official notice of these pleadings during Moore's disciplinary hearing pursuant to section 536.070(6). Unlike the 2007 Stipulation and the 2007 Consent Order, however, we are comfortable concluding that the Notice and Complaint were appropriately before the Board for its consideration, particularly given the absence of any objection by Moore, and given Moore's acquiescence on the record to the fact that the allegations in the Complaint had been agreed upon. Though the better practice would have been for the Board's counsel to introduce the Complaint into evidence at the point Moore confirmed by his testimony that the parties had reached an agreement on the allegations in the Complaint,[8] we conclude that Moore's testimony, coupled with the uncontested representation by the Board's counsel that the allegations in the Complaint had been agreed to, were sufficiently specific to warrant treating the Complaint as effectively admitted in evidence by stipulation.[9] We are thus per-

---

**8.** Moore did not contest the Board's counsel's statement at the beginning of the disciplinary hearing that "agreement had been reached" regarding the allegations in the Complaint. When asked generally, Moore confirmed that an agreement had been reached regarding the allegations in the Complaint. That general question was followed by three specific questions where Moore confirmed (i) submitting to a urine test on August 31, 2007, (ii) pursuant to the terms of discipline, and (iii) testing positive for cocaine in the Complaint. Moore argues the specific follow up questions effectively limited the scope of Moore's general acknowledgement that agreement had been reached to just those allegations in the Complaint about which specific inquiry was made. We do not agree. We easily conclude that

Moore's collective testimony, which followed almost immediately after the Board's counsel's representation to the Board, confirmed that the parties had reached an agreement stipulating to each of the allegations in the Complaint.

**9.** The Board contends that Moore also admitted the allegations in the Complaint by not filing an Answer to the Complaint. Though section 536.068 advises any responsive pleading, including an Answer, "shall be filed within the time limits specified for filing an answer under the rules governing civil practice in circuit courts in Missouri," section 536.063(1) provides "that no answering instrument shall be required unless the notice

mitted to consider the admitted allegations of the Complaint as we make a " 'single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support' " the Board's Order. *Albanna*, 293 S.W.3d at 428 (citation omitted).

In Finding of Fact One, the Board concludes Moore was licensed, his license number, that his license is current and active. This corresponds with an almost verbatim allegation in paragraph 2 of the Complaint.

Finding of Fact Two concludes that the parties reached an agreement regarding the allegations in the Complaint at the hearing and, specifically, that Moore admitted that on August 31, 2007, he submitted to a urine drug screen which tested positive for cocaine in violation of the 2007 Joint Stipulation. With the exception of the phrase "in violation of the 2007 Joint Stipulation," this finding of fact is drawn nearly verbatim from Moore's testimony at the disciplinary hearing. The phrase "in violation of the 2007 Joint Stipulation" is found in paragraph 6 of the Complaint, where the Dental Board alleged that "on August 31, 2007, Dr. Moore tested positive for cocaine in violation of the parties January 16, 2007 Stipulation."

Finding of Fact Three concludes that Moore relapsed by consuming cocaine approximately three to four days prior to the August 31, 2007 drug screen. This finding of fact is drawn directly from the examination of Moore by his own counsel during the disciplinary hearing.

Findings of Fact Four and Five summarize Moore's conduct following his relapse with respect to seeking assistance from Davis and temporarily ceasing the practice

of dentistry, and notes this was Moore's second time for treatment for chemical dependency. These findings are drawn directly from the examination of Moore conducted by Moore's counsel during the disciplinary hearing.

Finding of Fact Six concludes that Moore's original clean and sober date was April 27, 2004, and that since his relapse, Moore's clean and sober date is September 15, 2007. This finding is taken nearly verbatim from Moore's response to questions from a member of the Board during the disciplinary hearing.

Findings of Fact Seven, Eight, and Nine reference and summarize, respectively, sections 195.017, 195.005 to 195.425, 195.202.1, and section 620.151. Section 490.080 states: "Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." Section 536.070(6) permits administrative agencies to "take official notice of all matters of which the courts take judicial notice." The Board's findings were thus supported by taking official notice of the referenced statutes.

Finding of Fact Ten states as follows:

Cause exists to impose additional discipline on Dr. Moore's dental license pursuant to paragraph 26 of the 2007 Joint Stipulation and Section 620.153, RSMo 2000, which states ' . . . in the event the Board determines Licensee has violated any term or condition of this Agreement, the Board may, in its discretion, after an evidentiary hearing, vacate and set aside the discipline imposed herein and may suspend, revoke or otherwise lawfully discipline Licensee.'

of institution of the case states such requirement." The Notice in this case did not advise Moore that an Answer was required. Therefore, Moore's failure to file an Answer admitted nothing.

The internally quoted text in this Finding of Fact is taken directly from section 324.042 (formerly section 620.153). As we have noted, the Board was entitled, and was in fact required, to take official notice of Missouri statutes. Section 490.080. Moore contests the corollary reference to paragraph 26 of the 2007 Joint Stipulation. However, though the 2007 Stipulation was not in evidence, paragraph 26 of the 2007 Stipulation was set forth as an allegation in the Complaint and was thus admitted by Moore. Specifically, paragraph 12 of the Complaint alleged:

> 12. Paragraph 26 of the January 16, 2007 Stipulation states:

> [I]n the event the Board determines that Licensee has violated any term or condition of this Agreement, the Board may, in its discretion, after an evidentiary hearing, vacate and set aside the discipline imposed herein and may suspend, revoke or otherwise lawfully discipline Licensee.

Paragraph 26 of the 2007 Stipulation was nothing more than a restatement of Section 324.042.

Other admitted allegations in the Complaint, though not recited in the Board's Order, are nonetheless relevant to our review to determine whether the record as a whole reflects that the Order is supported by competent and substantial evidence. Those admitted allegations included the following:

> 3. On January 16, 2007, the Board filed its First Amended Complaint at the Administrative Hearing Commission ('AHC') seeking to discipline Dr. Moore's dental license based on Dr. Moore's chemical dependency and related impairment, Case No. 05–1149DB.

> 4. On January 16, 2007, the Board also filed a *Waiver of Hearing, Joint Stipulation and Request for Consent Order* ('Stipulation') wherein the parties stipulated that cause to discipline Dr. Moore's dental license existed based on violations of section 332.321.2(20), RSMo related to Dr. Moore's chemical dependency and related impairment.

> 5. On January 17, 2007, the AHC issued its Consent Order finding cause to discipline Dr. Moore's dental license. Dr. Moore's dental license was suspended for 90 days immediately followed by 5 years probation with certain terms and conditions, including abstention from the possession and consumption of controlled substances unless pursuant to a valid prescription.

> . . . .

> 11. Prior to August 31, 2007, at a date certain known only to Dr. Moore, Dr. Moore relapsed and consumed cocaine in violation of Paragraphs 9 and 21 of the January 16, 2007 Stipulation which states:

> 9. During the period of probation, Licensee shall comply with all provisions of Chapter 332, RSMo; all rules and regulations of the Missouri Dental Board and all federal and state laws, rules and regulations. 'State' here includes state of Missouri and all other states and territories of the United States.

> 21. During the disciplinary period, Licensee shall abstain completely from the personal use or possession of any controlled substance or other drug for which a prescription is required unless that use of the drug has been prescribed by a person licensed to prescribe such drug and with whom Licensee has a bona fide relationship as a patient. Licensee shall forward to the Board written documentation of any such prescription within ten days of issuance. . . . The presence of any controlled substance whatsoever in a biological fluid and/or hair follicle

and/or breath sample for which Licensee does not hold a valid prescription or for a prescription or for a prescription that Licensee has not forwarded documentation to the Board as required herein shall constitute a violation of this Order.

13. Cause exists to impose additional discipline in Dr. Moore's dental license pursuant to paragraph 26 of the January 16, 2007 Stipulation and section 620.153, RSMo 2000, which states 'any board, commission or committee within the division of professional registration may impose additional discipline when it finds after a hearing that a Licensee [ ... ] has violated any disciplinary terms previously imposed or agreed to pursuant to settlement. The board, commission or committee may impose as additional discipline, any discipline it would be authorized to impose in an initial disciplinary hearing.'

14. Licensee's conduct is in violation of the terms and conditions of the January 16, 2007 Stipulation, thus entitled the Board to impose additional discipline.

These admitted allegations establish the circumstances giving rise to Moore's prior disciplinary proceeding, the nature of the prior disciplinary proceeding, the disposition of the prior disciplinary proceeding, and the prior terms of discipline imposed.

We conclude that the Order is supported by competent and substantial evidence drawn from the transcript and the admitted allegations in the Complaint. The 2007 Stipulation and the 2007 Consent Order were not the only evidence of the predicate disciplinary proceeding, such that their absence from the record necessitates a conclusion that the Order is without record support. Moore's complaint

that the Board did not properly admit either the 2007 Stipulation or the 2007 Consent Order in evidence, though correct, is a technical complaint that has no impact on our conclusion that the Order is supported by other competent and substantial evidence. Point One is denied.

## Point II

■■■ Moore next contends that the Order's imposition of additional discipline in the form of revocation of Moore's license for at least one year is not supported by competent and substantial evidence as the Board failed to take into consideration the evidence of Moore's rehabilitation subsequent to his relapse and Moore's voluntary cessation of his practice following his relapse.[10] The essence of Moore's complaint is that the Board did not afford due weight to the testimony of Moore or Davis relating to Moore's rehabilitation efforts following his admitted relapse, and his commitment to continued monitoring.

Moore argues that the only evidence the Board had to support discipline was Moore's testimony at the hearing of one positive drug test. The premise underlying Moore's second point on appeal is that Moore did not admit all of the allegations in the Complaint but only those allegations in the Complaint about which he was specifically asked. We have concluded otherwise. As a result, we are afforded a record that permits us to easily discard Moore's objection to the discipline imposed by the Order.

We note again our standard of review is " 'whether, considering the whole record, there is sufficient competent and substantial evidence to support the [agency's decision]. This standard would not be met in the rare case when the [agency's decision]

---

**10.** As previously noted, Moore resumed his dental practice following entry of the Order pursuant to the terms of the Stay entered by the trial court.

is contrary to the overwhelming weight of the evidence.'" *Albanna*, 293 S.W.3d at 428 (quoting *Lagud v. Kansas City Bd. of Police Comm'rs*, 136 S.W.3d 786, 791 (Mo. banc 2004)). Here, Moore admits he was previously subject to discipline for cocaine use. He admits he relapsed. Moore admits that he violated the terms of probation previously imposed. Moore admits his use and/or possession of cocaine provides a statutory basis for discipline of his license. Notwithstanding, Moore suggests that the Board was bound to follow the recommendation of Davis, who opined that Moore was being successfully rehabilitated and should be permitted to continue practicing. We disagree.

Section 324.042 permits the Board to "impose as additional discipline any discipline it would be authorized to impose in an initial disciplinary hearing." Moore does not contend the Board would have been unable to revoke his license in response to the initial disciplinary proceeding. Moore does not contend, therefore, that the additional discipline imposed in this case, revocation of Moore's license, is unlawful. Moore simply disagrees with the Board's decision to impose additional discipline—at least to the extent the additional discipline involves revocation of his license.

The role of the Board is not to punish misconduct but, rather, to protect the public. *Johnson v. Bd. of Nursing Adm'rs*, 130 S.W.3d 619, 645 (Mo.App. W.D.2004). Moore was given an opportunity following his first disciplinary proceeding to show that he could conform his conduct to probationary terms that would satisfy the Board Moore was not a threat to the public. Moore failed to satisfy the terms of his probation and expressly violated the most compelling term of his probation—to remain drug free. He had previously received treatment for his cocaine use following his first disciplinary proceeding, yet he relapsed. Though Moore, commendably, sought other rehabilitation after his relapse, little time had passed between the relapse and Moore's hearing. The Board was not obliged to believe that Moore would not relapse again and, given its obligation to protect the public, acted prudently in revoking Moore's license for at least one year. Though the Board could have elected not to impose additional discipline, or to impose additional discipline less punitive than revocation of Moore's license, it was not obligated to do so. The Board had the authority to revoke Moore's license for at least one year as additional discipline for Moore's second involvement with illegal narcotics. The Board's decision to impose additional discipline by revocation of Moore's license is supported by competent and substantial evidence. Point two is denied.

## Conclusion

Pursuant to section 536.070(5) or section 536.070(6), the Board did not properly admit in evidence either the 2007 Stipulation or the 2007 Consent Order from Moore's prior disciplinary proceeding, the predicate for the Board's ability to consider imposing additional discipline on Moore's license pursuant to section 324.042. However, the Board's Order revoking Moore's license for a period of not less than one year was nonetheless supported by other competent and substantial evidence on the whole record given Moore's testimony and his admission of the allegations in the Complaint which asserted violation of 2007 Stipulation and the 2007 Consent Order. The Board's decision to revoke Moore's license as additional discipline for Moore's second disciplinary action involving the use of cocaine was supported by competent and substantial evidence, notwithstanding competing evidence of Moore's voluntary attempts at

rehabilitation and suggesting that Moore should be permitted to continue practicing dentistry. The Board's Order is affirmed.

All concur.